CATHERINE ZABRISKIE, EXECUTRIX, &c., OF JOHN H. ZABRISKIE, DECEASED, RESPONDENT, v. ERIE RAILROAD COMPANY, APPELLANT.

Submitted March 23, 1914—Decided November 16, 1914.

Where the employer failed to provide proper toilet facilities for employes in the building where they were at work so that they were obliged to and did habitually resort for such facilities during the working hours to another building of the employer, which lay across a public street, and which custom persisted for a considerable time, and as the court was entitled to find was therefore known and assented to by the employer—*Held,* that where the deceased while crossing the street in working hours to reach the toilet in question, was struck by a passing vehicle, sustaining injuries which caused his death, the trial court was justified in a finding that he came to his death by an accident which arose out of and in the course of his employment.

On appeal from the Supreme Court, whose opinion is reported in 85 *N. J. L.* 157.

For the appellant, *Collins & Corbin.*

For the respondent, *Charles B. Dunn.*

The opinion of the court was delivered by

PARKER, J. This case arose under the Workmen's Compensation act of 1911. The question raised is the usual one, viz., whether the deceased came to his death by reason of an accident arising out of and in the course of his employment. There is no question whatever but that the deceased was killed by an accident, but the appellant insists that the accident did not arise out of the employment, nor did it arise in the course of the employment, and the question before the Supreme Court was whether there was any evidence before the trial court to justify such a finding. If there was such evidence the finding of the Court of Common Pleas is conclusive. *Sexton* v. *Newark District Telegraph Co.,* 84 *N. J. L.* 85; *Bryant* v. *Fissell, Id.* 72. The Supreme Court seems to have gone a step further and to have made substantially its own finding upon the evidence. This was unnecessary, but as it necessarily included a finding that there was evidence to support the finding of the trial court, which is sufficient for an affirmance, we do not concern ourselves with the facts further than to ascertain whether there was evidence in the case which the trial court was entitled to take hold of as the basis for its finding of fact as above.

The opinion of the Supreme Court does not state the evidence with entire accuracy. The deceased was not obliged to cross the railroad, nor was he injured because of so crossing it, but the accident occurred in this way: the tracks of the defendant Erie Railroad Company run through Paterson from north to south, crossing Market street, which runs east and west. The Paterson station of the appellant was in the southwesterly angle formed by Market street and the said tracks; the Morris beef building, where the deceased was regularly employed by the appellant as a carpenter, was in the northwesterly angle of Market street and the railroad, and consequently the deceased, in order to reach the station,

had to cross, not the railroad, but Market street, which was a public highway and the principal artery of traffic in Paterson. There was no toilet in the Morris beef building and of course the defendant's employes had to go somewhere to satisfy the calls of nature. Apparently the most convenient place, and the place where, as the trial court was justified by the evidence in finding, they had been for some time accustomed to going, was the men's toilet room in defendant's railroad station across Market street. There was evidence that this was the only place that they had to go to, and that for a year or more prior to the accident it was the habitual practice of defendant's employes working in the Morris beef building to use the station toilet for their personal needs. At the time of the accident the deceased was on his way from the beef building across Market street, and bound for the station toilet, when he was struck by an eastbound automobile on Market street and thrown or carried over on the railroad track where he was again struck by a northbound train that was just starting from the station. This occurred about eleven A. M.

There can be no doubt that the trial court was fully justified in finding that the accident occurred in the course of the employment of the deceased; that it took place during the regular working hours and while he was answering a call of nature, which is liable to occur at any time. It was argued that he was not doing his employer's work at the time, but there is little or no force in this, for in the end it is as important to the employer as to the employe that the latter may do his work without unnecessary physical inconvenience.

The trial court was also justified in finding upon the evidence adduced that the accident arose out of the employment. The difficulty in the case arises from the fact that the place where the deceased was struck was a public street, and that he was struck by an independent agency, to wit, an automobile driven by a stranger and lawfully in said street. Hence it is argued that the deceased was not and could not have been injured by any cause for which the master was responsible, or to which he was subjected by the conditions of his

employment. But we consider this argument also to be without support. It is not only conceivable, but it is a matter of daily occurrence that employes are required to do their work under conditions which render them liable to injury by outside agencies. It is only necessary to cite the case of *Klotz* v. *Newark Paving Co.,* 91 *Atl. Rep.* 91, recently affirmed here on the opinion of the Supreme Court, where the place of work of the deceased was in a public street; and during working hours, while waiting for his work to begin, or attending to some incidental matters in the interim, Klotz was struck by a trolley car and killed. It was there held that the accident arose out of and in the course of his employment; and the only ground for claiming the existence of a distinction between that case and the case at bar is that in the Klotz case the deceased was at the place where he had to do his work, and in the present case the deceased had left the place where he actually worked and was on his way to a convenience. The distinction is unsubstantial; for if the trial court found, as it evidently must have found and was entitled to find, that by reason of the lack of proper appliance in the Morris building and the consequent necessity of going elsewhere—a condition for which the employer was of course responsible—the practice had arisen and been in force for an extended period, of workmen resorting to the only place available, to reach which they were necessarily obliged to cross a public street, and that this practice was known and assented to by the employer (*Dierkes* v. *Hauxhurst Land Co.,* 80 *N. J. L.* 369; 83 *Id.* 623), the workman was as much obliged by the conditions of his employment to be where he was at the time when he was struck as if he had been a laborer tamping paving blocks in the middle of the street.

Viewed in this aspect, the danger was one which, in the language of the cases, was peculiar to the employment, in that the absence of proper facilities at the shop and the necessity of crossing the street to reach them, gave rise to it. It was not the danger of an ordinary member of the public crossing a street on his own business, but was the subjection of the employe to that danger by the conditions of

his employment. The fact that the accident may have been and probably was due to the negligence of the driver of the automobile, and perhaps also to the contributory negligence of the deceased, tends to cloud the issue, but does not differentiate the situation from that of any workman who is required in the performance of his work to go into a dangerous place and incur the dangers connected with that place.

There were, therefore, two concurring causes of the accident, namely, the automobile and the necessity of crossing the street, for the latter of which the employer was responsible. In this aspect the case resembles the case of *Re Employers' Liability Corporation*, 102 *N. E. Rep.* 697 (*Mass.*), where deceased was put to work next or near to a fellow workman who was known to the employer to be addicted to drink and was ugly when in his cups. While deceased was at work, this man, being drunk, attacked and killed him, or injured him so that he died, and the Supreme Court of Massachusetts held that the injury arose out of and in the course of the employment, putting its decision upon the causal connection between the injury of the deceased and the conditions under which the defendant required him to work. In the language of the Massachusetts court, the act of the automobile driver and the conditions of employment that required the deceased to cross a street, were contributing proximate causes, the latter of which was an actual risk of the employment.

The case of *Pearce* v. *Southwestern Railway Co.* (1899), 2 *W. C. C.* 152, is relied on by counsel for appellant. That case was affirmed in the Court of Appeals, but the affirmance was placed upon a ground quite different from that taken by the court below; and in *Elliott* v. *Rex* (1904), 6 *Id.* 27, the court refused to follow the Pearce case and sustained an award in favor of a workman injured while coming from the toilet during the dinner hour.

Our conclusion is that the evidence sustained a finding by the trial court that the accident arose both out of and in the course of the employment of deceased, and that the judgment of the Supreme Court affirming the judgment of the Common Pleas should in turn be affirmed.

For affirmance — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BOGERT, WHITE, HEPPENHEIMER, JJ.   9.

For reversal—None.