Argued February 3, reversed February 10, 1954

# LIVINGSTON *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

266 P. 2d 684

*Wesley A. Franklin* argued the cause for appellant. On the brief were Anderson, Franklin & Landye, of Portland.

*Ray H. Lafky*, Assistant Attorney General, of Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, of Salem, and Roy K. Terry, Assistant Attorney General, of Portland.

Before LATOURETTE, Chief Justice, and LUSK, TOOZE and PERRY, Justices.

PER CURIAM.

This is an appeal by the plaintiff, Christine Livingston, from the judgment of the circuit court for Douglas county, denying her claim for compensation under the provisions of Workmen's Compensation Law of this state.

Briefly, the facts are: Plaintiff's husband, Marion Livingston, was employed by the California-Oregon Power Company as an oiler on a shovel used in excavating river rock to be run through a rock crusher for use in the construction of a power dam. This dam was being constructed on the Clearwater river, a tributary of the North Umpqua river, in the Umpqua National Forest. To reach the crusher which was located farther up on the North Umpqua river than the dam,

it was necessary to travel over a road constructed by the Power Company under a permit issued by the United States Forestry Department. While the road was constructed and maintained at the expense of the Power Company, and chiefly used by it, yet it was open to use by the general public.

The Power Company also maintained a company housing project at "Clearwater", which was some 10 or 15 minutes drive by automobile from the scene of the dam construction. This camp was operated by the employer and the employes paid so much per day for board and room. *As a part of the wages paid the workmen, the employer paid for 15 minutes travel time from the job site to the camp;* workmen traveled to the job on their own time. In addition, the Company furnished transportation between the camp and the dam, which facilities the employes could use if they so desired, although they were not required to do so.

On June 30, 1951, Marion Livingston was riding in a motor vehicle owned and driven by a fellow workman. They were en route from the dam to the Clearwater camp when the vehicle ran off the road and into the river, and Marion Livingston was drowned. At the time of the fatal accident the automobile was being driven upon the road constructed and maintained by the Power Company. *The accident occurred within the 15 minutes travel time for which decedent was paid by his employer.*

The plaintiff, as the widow of Marion Livingston, deceased, filed a claim for widow's benefits with the State Industrial Accident Commission, pursuant to the provisions of § 102-1752, OCLA, as amended by ch 61, Oregon Laws 1947 (ORS 656.152). Her claim was denied upon the ground "that the accident of June 30, 1951, that caused the death of Marion Liv-

ingston, *did not arise out of. and during the course of his employment* with the California-Oregon Power Company''. Plaintiff appealed to the circuit court for Douglas county. The trial court denied her claim upon the same ground adopted by the State Industrial Accident Commission.

The sole question for determination on this appeal is whether, under the facts as stated, the accident causing the death of Marion Livingston ''arose out of and in the course of his employment'', within the meaning of our Workmen's Compensation Law.

This question has not been heretofore directly decided in this state. With commendable frankness, the able Assistant Attorney General admitted during the oral argument in this court that the question was a close one.

In a note in ALR appended to the case of *Voehl v. Ind. Ins. Co. of North America,* 288 US 162, 77 L ed 676, 53 S Ct 380, 87 ALR 245, at page 250, the author states:

''It is a general though not invariable rule, so common as to require no citation of authority, that an injury sustained in going to or from work does not arise out of and in the course of the employment within the meaning of workmen's compensation acts.

''*An exception to this rule, however, is generally recognized where the employee's compensation covers the time involved in going to or from his work, or an allowance is made for the cost of transportation.*'' (Italics ours.)

The same exception is recognized in 1 Larson, Workmen's Compensation, p 227, § 16.20, where it is said:

''A familiar illustration of travel which has been made part of the employment is travel during which the employee is actually paid for his time.''

Also see Horovitz, Workmen's Compensation, p 162; Horovitz, Current Trends in Workmen's Compensation, p 679; 12 NACCA Law Journal 92.

In a very recent decision the Arizona Supreme Court recognized this exception to the general rule: *Serrano v. Industrial Commission*, 75 Ariz 326, 256 P2d 709, 710. The factual situation in the Arizona case is very similar to that in the case at bar. The court quoted with approval from the case of *Kobe v. Industrial Accident Commission*, 35 Cal2d 33, 215 P2d 736, 737, as follows:

"*  *  * However, the employer may agree, either expressly or impliedly, that the relationship shall continue during the period of 'going and coming', in which case the employee is entitled to the protection of the act during that period. Such an agreement may be inferred from the fact that the employer furnishes transportation to and from work as an incident of the employment. [Citing cases.] It seems equally clear that such an agreement may also be inferred from the fact that the employer compensates the employee for the time consumed in traveling to and from work."

■■ This court has uniformly held that the provisions of the Workmen's Compensation Law should be interpreted liberally in favor of the workman, and particularly should this be so when we are confronted with a "borderline case". In the interests of justice, and to carry out the humane purposes of the Compensation Law, all reasonable doubts should be resolved in favor of the workman.

Although dealing with somewhat different factual situations, nevertheless, in prior opinions of this court we have at least inferentially approved the rule sought to be established in this case by the plaintiff. *Lamm v. Silver Falls Timber Co.*, 133 Or 468, 277 P 91, 286

P 527, 291 P 375; *Varrelman v. Flora Logging Co.,* 133 Or 541, 277 P 97, 290 P 751, 282 US 813, 75 L ed 728, 51 S Ct 214.

■■ We hold that if an employer pays for the employe's time during his travel from the job site to his home, the relationship of employer and employe continues during that period of time, and an injury occurring during the course and, in particular, the time of such travel from accidental causes, arises out of and in the course of the employment, and is compensable.

Judgment reversed.