Argued May 23, remanded with directions September 6, 1957

# BOS *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

315 P. 2d 172

*Wesley A. Franklin,* of Portland, argued the cause for appellant. With him on the brief were Anderson, Franklin & O'Brien, of Portland.

*T. Walter Gillard,* Assistant Attorney General for Oregon, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General for Oregon, and Ray H. Lafky and John L. Stoneburg, Assistant Attorneys General for Oregon.

Before PERRY, Chief Justice, and ROSSMAN, BRAND and McALLISTER, Justices.

BRAND, J.

This is an appeal by the plaintiff, Donald Bos, from a judgment for the defendant State Industrial Accident Commission in an action brought under the provisions of the Workmen's Compensation Law. The plaintiff was injured in September 1953 while in the employ of Rueben G. Lenske. He thereafter filed a claim for workmen's compensation with the Commission. The claim was denied by an order of 25 January 1955 for the reason, as stated by the Commission, that "the claimant Donald Bos, was not injured by accident arising out of and in the course of employment while employed subject to the Workmen's Compensation Law; * * *." He filed a petition for

rehearing which was denied by order of 15 March 1955. Plaintiff then brought action in the circuit court which resulted in the judgment from which he appeals. By stipulation the case was tried by the court without a jury. After the taking of evidence both parties submitted proposed findings of fact and conclusions of law. The plaintiff filed objections to the proposed findings and conclusions tendered by the defendant. The court overruled the objections and made the findings and conclusions as presented by the defendant. Judgment went accordingly for the defendant Commission. We find it unnecessary to review the pleadings in detail. It was stipulated that at the time of the accident the plaintiff was employed by Mr. Lenske. It is also stipulated that he was injured, and that at the time of the injury he was on duty in the course of his employment. He was being paid by Mr. Lenske at the time of the injury. At the beginning of the trial the following colloquy took place between the court and counsel:

"THE COURT: All right. That would seem to reduce the question to just one, and that is was Mr. Lenske at this particular time covered by the State for the purposes of an employee such as this plaintiff was? Isn't that the only problem we have?

"MR. FRANKLIN: I think that is the only problem.

"MR. GILLARD: That is agreed, your Honor."

The trial court made the following findings of fact:

"I.

"That on or about the 23rd day of September, 1953, the plaintiff, Donald Bos, while employed by Rueben G. Lenske, sustained a personal injury by accident while he was being transported from farm work in which he was engaged, the said truck

being driven and operated by a Mr. Clarence Wicks, also in the employ of said Rueben G. Lenske, and at the time of said accident said Donald Bos was being paid by said Rueben G. Lenske, not only for the farm work involved, but also for the time consumed in transportation to and from said farm work.

"II.

"The Court further finds that plaintiff's employer, Mr. Lenske, was engaged in two separate occupations. One was the repair and alteration of property and buildings, which was a hazardous occupation under the Workmen's Compensation Act, and for which he and his employer were covered by the Act. The second was farming. The Court further finds that the plaintiff was engaged in both of his employer's occupations; that 95% of his time he was engaged in the employer's hazardous occupation, while 5% of his time he was engaged in farming operations for his employer.

"The Court further finds that at the time of the accident in question the plaintiff was being returned by automobile from engaging in the farming occupation of his employer and that the transportation was incident to the farming operation and not incident to the hazardous occupation in which the employer was engaged. The Court further finds that the employer had made no application for elective farm coverage as provided by the Workmen's Compensation Law of the State of Oregon, and in particular ORS 656.090."

The conclusion of law was to the effect that the plaintiff's injuries were suffered at a time when he was not covered by the Workmen's Compensation Law.

Plaintiff had been in the employ of Mr. Lenske for about three months and was paid by the hour. As found by the trial court the great bulk of his work for Lenske was in a hazardous employment.

Lenske requested Hathaway and Wicks to find work for plaintiff. He did painting and wood work under Hathaway on a place owned by Lenske. That job took two weeks. Under Wicks' direction he worked at Bell Station on roof repair. He also helped to place tile on the house roof and stacked lumber for about two weeks. He also did repair work on Lenske's house occupied by Wicks. The only evidence concerning farm work done by plaintiff was assisting in raising bailed hay to the loft of a barn at the Wicks place, cleaning out some cow troughs and working on an irrigation ditch. A farm at Park Place was owned by Lenske and others and was rented to one Vilstrup. Lenske had some of his cattle on that place and Wicks took plaintiff to the place to assist in storing Lenske's bailed hay in the barn. They left Wicks' place at one p.m., worked on the hay, and started on the return trip. Plaintiff was in a pickup truck driven by Wicks, a representative of Lenske. The truck overturned at 4:40 of that afternoon and plaintiff suffered serious injury. Lenske was under the Workmen's Compensation Act as to his hazardous occupations, which he had listed as "painting and structural repair work; also miscellaneous." He had not elected to come under the act as to any separate occupation of farming.

The only assignment of error is stated as follows:

"The Court erred in finding that at the time of the accident appellant and his employer were not covered by the Workmen's Compensation Act of the State of Oregon."

Under this state of the record, in so far as the "findings of fact" are supported by substantial evidence, we are bound by them. This is peculiarly true of the finding "that 95% of his [plaintiff's] time he

was engaged in the employer's hazardous occupation, while 5% of his time he was engaged in farming operations for his employer." The abstract discloses that the foregoing finding as adopted by the court was submitted by the defendant, and a similar finding was submitted by the plaintiff.

■■ We hold that the court did not err in holding that Lenske, the employer, was engaged in two separate occupations, one hazardous and the other, farming. The two were located at different places and were different in character. The work in storing hay at the Wicks place came within the definition of farming, as defined in ORS 656.090(2). The question for decision is whether a workman who is employed in a hazardous employment in which 95 per cent of his labor is expended is entitled to the benefits of the Workmen's Compensation Act when he is injured while being transported from and after performing incidental labor in his master's separate occupation of farming, it being clear that at the time of injury he was on duty in the course of his employment and was being paid while being so transported. While it might well be argued that his transportation from the farm was as incidental to his hazardous employment as to the brief nonhazardous employment, we shall accept the finding of the trial court on that issue. The statutes which must be considered in this connection are the following: By ORS 656.090 it is provided that "Farming, and all work incidental thereto" is a nonhazardous occupation and is subject to ORS 656.002 to 656.590 only through compliance with ORS 656.034. The latter section provides for notice of election to contribute to the fund by employers in occupations · other than those defined as hazardous. It will be observed that ORS 656.090 when read with

ORS 656.034 relates to the conditions under which a nonhazardous *occupation as such* may be brought under the compensation act. In ORS 656.022 it is provided, in part, that "All persons engaged as employers in any of the hazardous occupations * * * shall be subject to ORS 656.002 to 656.590" (the compensation act). It is next provided that:

> "Where an employer is engaged in a hazardous occupation, as defined in ORS 656.082 to 656.086, and is also engaged in another separate occupation or other separate occupations not so defined as hazardous, he shall not be subject to ORS 656.002 to 656.590 as to the separate nonhazardous occupations, nor shall his workmen *wholly* engaged in such separate nonhazardous occupations be subject thereto except by an election as authorized by ORS 656.034." ORS 656.022(2). (Emphasis ours.)

The first portion of paragraph (2) relates to the situation of the *employer*. The employer is not subject to the act as to a separate nonhazardous occupation. He would not be required to contribute as employer to the industrial accident fund a percentage of his total payroll in the nonhazardous occupation as provided in ORS 656.504. But the latter part of paragraph (2) indicates that there is a distinction between the case of an employer who is not in general subject to the act and his workmen who may or may not be subject to the act. Certain workmen, namely, those *"wholly engaged* in such separate nonhazardous occupations"* (emphasis ours) are not under the act except by an election as authorized by ORS 656.034. But a workman who is not *wholly* engaged in such separate nonhazardous occupation is not within the clause which provides that he can come under the act only by an election by his employer under ORS 656.034. We must infer that as to workmen not wholly en-

gaged in a nonhazardous occupation it was the legislative intent that they should be covered under the act. At least this must be the conclusion where, as here, the great bulk of the employee's work was hazardous and his transfer to the employer's nonhazardous farming occupation was only incidental. Our conclusion as to this controversial section of the statute is fortified by reference to the last paragraph of ORS 656.022 which reads as follows:

> "It is the purpose of this section that an occupation and all work incidental thereto and all workmen engaged therein shall be wholly subject to or wholly outside the provisions of ORS 656.002 to 656.590." ORS 656.002(4).

Here again the legislature adopts a double-barreled provision. First it is the purpose that an occupation (the employer's occupation) and all work incidental thereto shall be wholly subject to or wholly outside the provisions of the compensation act. Second, it is the purpose that all workmen engaged therein, to wit, in an occupation of the employer, shall be wholly subject to or wholly outside the provisions of the compensation act.

It is certain that no court would hold that the plaintiff, if injured while engaged in the employer's hazardous occupation, would be wholly outside the beneficent provisions of the act. If then, such workman must be wholly subject to or wholly outside the act, we must hold that it is the legislative intent that he be wholly subject to it. The statute provides:

> "If an employer is engaged in any of the occupations defined by ORS 656.084 or 656.086 as hazardous, the workmen employed by him in such occupations are deemed to be employed in a hazardous occupation but not otherwise." ORS 656.082.

The plaintiff was employed in such hazardous occupation, and if he must be wholly subject to the act or wholly outside of it, we must conclude that plaintiff was subject to the act. Again, the statute provides:

"If an employer is subject to ORS 656.002 to 656.590 as to any occupation, all workmen employed by him in such occupation are subject to ORS 656.002 to 656.590 as workmen, but not otherwise." ORS 656.122. And see, ORS 656.202, which provides:

"(1) If any workman, while subject to ORS 656.002 to 656.590 and in the service of an employer who is thus bound to contribute to the Industrial Accident Fund sustains a personal injury by accident arising out of and in the course of his employment caused by violent or external means, he or his beneficiaries, if the injury results in death, shall receive compensation as provided in ORS 656.202 to 656.238."

■ Under the findings of fact in this particular case, and in view of the oft repeated rule requiring that the Workmen's Compensation Act be given a liberal construction in favor of the workman, and particularly in borderline cases, we are constrained to hold that plaintiff was employed in a hazardous occupation, and that the small portion of his time spent in farming work was merely incidental thereto. ORS 656.022(4); *Livingston v. State Industrial Accident Commission,* 200 Or 468, 266 P2d 684. Such a liberal construction of our statutes in the case at bar will accomplish a result which will be in harmony with the rule generally applied in other states.

"The second category of troublesome cases is that which involves employees who go from one class of work to another. Here, as in the other specific exemptions, it is impractical to construe the act in such a way that employees and employers dart in and out of coverage with every

momentary change in activity. The great majority of decisions, therefore, attempt to classify the overall nature of the claimant's duties, disregarding temporary departures from that class of duties even if the injury occurs during one of the departures. * * *" 1 Larson, Workmen's Compensation Law, § 53.40, page 782.

See also, *Oliver v. Ernest,* 148 Neb 465, 27 NW2d 622; *Matis v. Schaeffer,* 270 Pa 141, 113 A 64; *O'Rourke v. Percy Vittum Co.,* 166 Minn 251, 207 NW 636.

■ Plaintiff was entitled to compensation under the act. His employer testified as follows:

"Q * * * You have made no contributions on this boy, did you?

"A Well, insofar as I know, I did. If I didn't, I should have and —"

The evidence discloses that he did not make any contribution to the fund on account of the plaintiff. His failure to do so should not bar the plaintiff from recovery. The failure of the employer so to contribute is a matter between himself and the Commission and should no doubt be adjusted.

The cause is remanded to the Commission with directions to set aside its former order rejecting the claim and to award compensation in accordance with the provisions of statute.

ROSSMAN, J., specially concurring.

I do not believe that the second division of ORS 656.022(2), which the majority employs in part in reaching its decision, authorizes an award of compensation to the plaintiff. That part reads:

"* * * nor shall his workmen wholly engaged in such separate nonhazardous occupations be subject thereto except by an election as authorized by ORS 656.034."

That provision is applicable only to workmen who are "wholly engaged in such separate nonhazardous occupations." The workman in the case at bar, far from being wholly engaged in a nonhazardous occupation, devoted ninety-five per cent of his time to a hazardous occupation and only five per cent to the nonhazardous. The provision is inapplicable to the plaintiff and therefore does not entitle him to compensation under the Workmen's Compensation Act.

Subject to the above limitation, I concur in the opinion of Mr. Justice BRAND.