Argued November 1, 1963, reversed February 13, 1964

# WHITE *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

389 P. 2d 310

*Earl M. Preston,* Assistant Attorney General, Eugene, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General and Ray H. Lafky, Assistant Attorney General, Salem.

*Kendrick Mercer,* Eugene, argued the cause for respondent. With him on the brief were Arthur C. Johnson and Johnson, Johnson & Harrang.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin and Lusk, Justices.

LUSK, J.

Plaintiff, a teacher at the Reedsport Union High School in Reedsport, Oregon, was struck by an automobile and injured while crossing Highway 101 on his way back to the school from his home where he had gone for lunch. He and his employer, the High School District, were under the Workmen's Compensation Law. The plaintiff filed a claim for compensation with the defendant commission which was rejected. He appealed to the circuit court where, in a jury trial, he recovered a judgment. The defendant has appealed, assigning as error the court's denial of its motion for a directed verdict based on the ground that his injury was not one "arising out of and in the course of his employment." ORS 656.152.

The school was located at the intersection of Twenty-second Street and Highway 101 in Reedsport. Plaintiff lived about a block and a half away and customarily went home for lunch. As the school was

located on the south side of the highway and plaintiff lived to the north of it, he was required to cross the highway in going to and from his work. It was a four-lane highway as it passed the school and carried heavy traffic. There were no traffic control signals at the intersection and no marked pedestrian crosswalks.

Plaintiff introduced in evidence a rule of the State Board of Education reading as follows:

"Teachers shall exercise watchful care and oversight over the conduct and habits of the pupils, not only during school hours, but also at recesses and noon intermission, and shall have power to punish a pupil for misconduct on the way to and from school. This should not be construed to mean that school administrators and teachers are to be held accountable for pupils' conduct or their safety while enroute to and from school."

Plaintiff testified that there were a great many pupils who lived in his neighborhood and that if he saw any violation of rules or misconduct on the part of pupils off the school grounds on their way to or from school it was his duty to report it to the principal or take whatever action was necessary, depending on the circumstances. Generally, his very presence would avoid most of the troubles. The principal of the school testified that all the teachers had the supervision of the pupils during the entire course of the school day, both on and off the school grounds.

Before the case was submitted to the jury, the plaintiff withdrew an issue tendered by the complaint to the effect that the crossing of Highway 101 by him in order to reach the school premises was a special risk of his employment. See *Cudahy Packing Co. v. Parramore*, 263 US 418, 44 S Ct 153, 68 L Ed

366, 30 ALR 532; 1 Larson's Workmen's Compensation Law 197, § 15.13. The sole question for decision is whether there is substantial evidence, in view of plaintiff's duties with regard to the conduct of pupils outside of school hours, that the plaintiff was rendering service to his employer at the time of the accident and, therefore, that the injury he sustained arose out of and in the course of his employment.

Generally, injuries sustained by employees when going to or coming from their regular place of work are not deemed to arise out of and in the course of their employment. *Philpott v. State Ind. Acc. Com.,* 234 Or 37, 379 P2d 1010, and cases there cited. The rule applies to lunch-time travel. "Actually," says Professor Larson, "when the employee has a definite place and time of work, and the time of work does not include the lunch hour, the trip away from and back to the premises for the purpose of getting lunch is indistinguishable in principle from the trip at the beginning and end of the work day, and should be governed by the same rules and exceptions." Larson, op. cit., 213, § 15.51. Plaintiff does not dispute the rule, but says that the present case falls within an exception. A discussion of the claimed exception and cases which have considered it is to be found in Larson, op. cit., 247, § 18.20, under the heading "Concurrent service while going to and from work".

The right of a public school teacher to recover compensation under facts somewhat similar to those of the present case was sustained in two decisions cited by the plaintiff: *Logue v. Independent School Dist. No. 33,* 53 Idaho 44, 21 P2d 534; *Nevada Ind. Com. v. Leonard,* 58 Nev 16, 68 P2d 576. Statutes of Idaho and Nevada prescribing the duties of public school teachers with regard to the conduct of pupils

away from the school are substantially the same in meaning as the rule of the Oregon State Board of Education above quoted; but in each of the cited cases it appears that at the time of the accident the teacher was engaged in observing the conduct of pupils of the school where he taught. Of these cases it is said in Larson, op. cit., 259, § 18.34:

> "Another type of recovery based on performing service at the time of injury is exemplified by two claims brought by school teachers who fell on their way to school. Fortunately for the teachers, they were also able to testify in each case that they were watching some school children playing, pursuant to their statutory duty to observe the conduct of pupils in the vicinity of the school before and after school hours. Compensation was granted in both the Nevada case and the Idaho case, on the ground that the teachers were already engaged in the performance of their services although not yet physically at the employer's premises."

Another case relied on by the plaintiff is the three to two decision in *Lang v. Board of Education,* 70 SD 343, 17 NW2d 695, which sustained recovery of compensation, not by a teacher, but by the superintendent of a school district who fell and was injured while on his way to the high school building where he maintained his office. He did some of his work at home, and in bad weather conditions was required to decide if school should be called off or not. Before leaving home on the morning of his injury he answered telephone calls respecting this matter, as the weather was stormy, a light rain was falling and the streets were covered with a coating of ice. Having determined from observation out of doors that, unless the storm conditions worsened, school should go on, he

left home for his office. The court distinguished the case from others where the "going and coming rule" applies, because the employee had no fixed hours of work, his duties as an executive officer of the school district extended to the entire district, and he did part of his work at home. His trip to his office was said to be "not entirely personal to claimant. He had prior thereto been engaged in the discharge of his employer's duties at his house, and the trip, as we view it, was continuing in this discharge of duty." 70 SD 347. The case is clearly distinguishable from the one before us.

So, also, is *Scrivner v. Franklin School Dist. No. 2,* 50 Idaho 77, 293 P 666, which involved an injury to a school teacher received while she was on her way to work in an automobile. At the time of her injury she was intending to turn off the road leading directly to the school in order to go to the residence of the chairman of the board of trustees to report in regard to certain children of school age in the district who were not in school and to consult with the trustee about other school matters. Recovery was allowed on the theory that the plaintiff was on her way to perform some special service in the interest of her employer. Although the Idaho statute above mentioned was referred to in the opinion it does not seem to have had any special relevance in view of the rationale of the decision. The case apparently was considered as coming within the "special errand" rule. See Larson, op. cit., 224, § 16.10.

■ We think that the plaintiff's injury is not compensable under any justifiable construction of the phrase "arising out of and in the course of his employment." It was no part of the duty of the plaintiff to go abroad looking for pupils on the street. He was

not like a policeman walking his beat. He was not required to take any particular route in going to and from his home at the lunch hour nor to go home at all for that purpose. He might have brought his lunch with him and eaten it on the school premises, or had it at a restaurant. No duty of the plaintiff arose under the regulation of the State Board of Education unless he should come upon pupils in the street for him to observe and perhaps discipline. As there were none on the occasion in question, his trip from his home to the school never lost its purely personal purpose and character. The fact that the accident occurred when the plaintiff was close to the school premises can make no difference. If compensation were allowed in this case, no reason occurs to us why it should not also be allowed for an injury sustained under similar circumstances anyplace within the school district. As Professor Larson says, "a trip to or from the claimant's home is in the course of employment if, combined with the personal purpose of going home, there is a business purpose which would have led to the taking of the trip in the absence of the personal purpose; or if the home has become a regular situs of employment; or if the injury occurs *while the business activity is actually being carried on,* regardless of its relative importance." (Italics added.) Larson, op. cit., 259, § 18.34.

The court erred in denying the defendant's motion for a directed verdict, and the judgment is reversed.