Argued September 21, reversed November 2, 1970

WILLIS, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND, *Respondent.*

475 P2d 986

*Noreen A. Saltveit,* Portland, argued the cause and
filed the briefs for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

The claimant in this workmen's compensation case filed a claim for an injury suffered in a fall. The claim was initially rejected. A hearing was then duly requested and held. Thereafter the hearing officer directed the respondent to accept the claim. Upon review the Workmen's Compensation Board affirmed the order of the hearing officer, also holding that the injury arose out of and in the course of employment. Defendant appealed to the circuit court, which, after hearing but without the taking of any further evidence, reversed the order of the Workmen's Compensation Board, holding that the injury did not occur within the course and scope of claimant's employment. Claimant appeals from the resulting judgment of the circuit court.

Claimant at the time of injury was employed by the State of Oregon as a professor and dean of the Department of Education of Portland State University.

The university is located near the center of the city of Portland, occupying a number of buildings clustered within a relatively small area along a series of established public streets. Some of the buildings are contiguous to others. Others are separated either by

public streets or nonuniversity structures. A number of the buildings front on a city-owned area commonly referred to as the park blocks. Claimant worked in one of these buildings.

Across the South Park Blocks from that building the university maintained a parking lot for selected staff members in the higher administrative echelon, one of whom was the claimant. A particular spot was assigned specifically to him. His use of this convenient university assigned and operated parking lot was of value not only to him but to the employer as well, since as dean he was not only on 24-hour call, but was often required during normal working hours to leave and return to the campus, upon occasion carrying with him university impedimenta of varying types.

The South Park Blocks, lying between the parking lot and the building where he officed, though belonging to the city, were commonly used by the students, staff and others having business at the university, to the point that they became, if not a part of, a major adjunct to the university campus. As a result the university had actually assumed substantial responsibility for their upkeep and daily cleanup.

On the day in question claimant drove his own car to work, parked it in its assigned place on the university parking lot, and began walking to his office. He took the shortest route, which caused him to cross the park blocks on a pathway provided for foot traffic. A drinking fountain was located on the route. Upon observing a colleague who was escorting a visiting lecturer to claimant's department, he slowed his regular pace while in the vicinity of the fountain in order, as head of the department, to greet the visitor. There

was some residual moisture upon the pavement in the area. Claimant slipped, fell and was injured.

The question presented is whether claimant is barred under the going and coming rule:

"A generally recognized rule of workmen's compensation law known as the 'going and coming rule' is that in the absence of special circumstances an employee injured while going to or coming from his place of work is excluded from the benefits of the compensation acts. * * *" 2 Will L J 75 (1962).

The foregoing rule and the exceptions thereto have been discussed in a number of cases by the Oregon Supreme Court. 2 Will L J, supra.

In *Kowcun v. Bybee*, 182 Or 271, 186 P2d 790 (1947), the Supreme Court considered the problem and said:

"We do not believe that the whistle which calls the men to work in the morning and later signals the end of the day's labors always determines whether or not an injury which befell a workman arose 'out of and in the course of his employment.' Likewise, we do not believe that the Workmen's Compensation Law selects the threshold of the factory as the dividing line which decides whether or not an injury happened 'out of and in the course of' an employment. In construing the phrase 'out of and in the course of his employment,' the courts consider the nature, conditions, obligations and incidents of the employment: *Caswell's Case*, 305 Mass. 500, 26 N. E. 2d 328. If they find a causal connection between the employment and the injury, the requirements of the phrase have been met: *Cudahy Packing Co. v. Parramore*, supra; *Lamm v. Silver Falls Timber Co.*, supra; and *Larsen v. State Industrial Accident Commission*, 135 Or. 137, 295 P. 195." 182 Or at 279-80.

In *Livingston v. State Ind. Acc. Com.*, 200 Or 468, 266 P2d 684 (1954), the court said:

"We hold that if an employer pays for the employe's time during his travel from the job site to his home, the relationship of employer and employe continues during that period of time, and an injury occurring during the course and, in particular, the time of such travel from accidental causes, arises out of and in the course of the employment, and is compensable." 200 Or at 473.

In *Montgomery v. State Ind. Acc. Com.*, 224 Or 380, 356 P2d 524 (1960), the court held an hourly employe was entitled to compensation when he was struck by a car when necessarily crossing a public street while going from the plant to the company-owned parking lot after work where the crossing of the street was "a special risk of his employment" and the company exercised some control over traffic and pedestrians using or crossing the street.

*White v. S.I.A.C.*, 236 Or 444, 389 P2d 310 (1964), applied the going and coming rule to bar a school teacher from recovery who was struck by a car while crossing a public street near the school where he taught. The respondent here urges that that case is dispositive of this claim. In *White*, however, the teacher was not engaged in going to or from the employer-operated parking lot furnished to its employes. There the teacher was away from the school premises on his own lunch period. He lived a block and a half from the school and had walked home for lunch as he customarily did. The court found he was performing no duties connected with or in any way arising out of his employment during his lunch period. It was clear that the teacher had not yet arrived at any part of the school premises, nor was the place of injury

there in any sense a part of the school campus or otherwise maintained or under the control of the school district in whole or in part.

Indeed in *White* the court went out of its way to point out:

"Before the case was submitted to the jury, the plaintiff withdrew an issue tendered by the complaint to the effect that the crossing of Highway 101 by him in order to reach the school premises was a special risk of his employment. See *Cudahy Packing Co. v. Parramore*, 263 US 418, 44 S Ct 153, 68 L Ed 366, 30 ALR 532; 1 Larson's Workmen's Compensation Law 197, § 15.13. The sole question for decision is whether there is substantial evidence, in view of plaintiff's duties with regard to the conduct of pupils outside of school hours, that the plaintiff was rendering service to his employer at the time of the accident and, therefore, that the injury he sustained arose out of and in the course of his employment." 236 Or at 446-47.

Nothing in that opinion limits the holdings in *Kowcun v. Bybee* and *Montgomery v. State Ind. Acc. Com.*, supra.

Concerning parking lots, Larson on Workmen's Compensation states:

"As to parking lots owned by the employer, or maintained by the employer for his employees, the great majority of jurisdictions consider them part of the 'premises,' whether within the main company premises or separated from it." 1 Larson, Workmen's Compensation Law 220, 223, § 15.41 (1968).

The Supreme Court of New Jersey recently considered this problem at length in *Hammond v. The Great Atlantic & Pacific Tea Company*, 56 N J 7, 264

A2d 204 (1970). Concerning the going and coming rule generally, the court said:

> "The large number of exceptions and their application by the courts have led one commentator to remark that 'the exceptions are so numerous that they have swallowed the rule.' Horovitz, 'Workmen's Compensation: Half Century of Judicial Developments,' 41 Neb.L.Rev. 1, 51 (1961). He and others have suggested that the rule be abandoned in its entirety. *Id.* at 52. See also Pound, 'Comments on Recent Important Workmen's Compensation Cases,' 15 NACCA L.J. 45, 86-87 (1955) * * *." 264 A2d at 206.

The court then pointed out:

> "* * * The 'great majority of jurisdictions' also consider parking lots owned or maintained by the employer part of the employer's premises, and accordingly allow compensation for injuries incurred thereon. 1 Larson, Workmen's Compensation Law § 15.41 (1968). It is also clear that injuries are compensable which occur while an employee is traveling between two portions of his employer's premises. Zabriskie v. Erie R.R. Co., 86 N.J.L. 266, 92 A. 385 (E. & A. 1914); see generally 1 Larson, *supra,* § 15.14. *As a result, most courts treat an injury occurring in a public street between the plant and the parking lot as compensable since it occurred on a necessary route between two portions of the employer's premises. * * *"* (Emphasis supplied.) 264 A2d at 208.

In *Proctor-Silex v. DeBrick,* 253 Md 477, 252 A2d 800 (1969), the Maryland Court of Appeals exhaustively considered the going and coming rule with particular reference to injuries sustained while the employe traveled on a public walk between the building where she worked and the company-owned parking lot. It there held that the employe going to or from work was covered when she slipped and fell on an icy public

sidewalk between the building and the parking lot to the same extent as she would have been for any injury sustained on the company parking lot or in the company building prior or subsequent to arrival at or departure from her specific place of work therein.

Here claimant was traveling in a direct route from the employer's parking lot to his place of work across a public area over which his employer exercised partial control and in an area which, in the language of *Montgomery v. State Ind. Acc. Com.*, supra, "exposes the workman * * * to the hazards of the road in a degree greater than the general public."

The claimant was therefore acting in the scope of his employment. He was covered by the Act.

The judgment is reversed.