Argued June 23, affirmed August 12, petition for rehearing denied
September 17, petition for review allowed
November 3, 1971

FENN, *Respondent, v.* CHARLES T. PARKER
CONSTRUCTION COMPANY ET AL, *Appellants.*
487 P2d 894

William L. Hallmark, Portland, argued the cause and filed the briefs for appellants.

M. M. Orona, Lebanon, argued the cause for respondent. With him on the brief were Morley, Thomas, Orona & Kingsley, Lebanon.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

This case presents the question whether or not the plaintiff sustained an on-the-job injury. The employer first rejected the claim. Following a hearing requested by the workman, the claim was again rejected by the Hearings Division. On appeal to the Workmen's Compensation Board the denial of the claim was affirmed by a two-to-one decision. The claimant appealed to the circuit court, which reversed the board and held the claim compensable. The employer appeals that decision to this court.

The case arises out of the following facts. Claimant, while returning home from work, became

involved in an automobile accident which resulted in injuries to him.

The employer had undertaken a project to erect towers to support a high voltage line running between Silverton and Marcola. The actual job site on the day of the accident was about three miles from Sublimity, Oregon.

The claimant was a long-time resident of Albany. He traveled to and from work in Sublimity by means of a car pool. He was then transported from Sublimity to the actual job site by the employer.

On the day of the accident, the claimant began his journey home from work as a passenger in a car driven by one of the members of his car pool. About 11 miles from Sublimity, while traveling in a direct route to Albany, the car in which claimant was riding became involved in an accident. The plaintiff was injured and seeks compensation therefor.

Employer was operating under a contract between the International Brotherhood of Electrical Workers Union and the Northwest Line Constructors Chapter of the National Electrical Contractor's Association. Claimant was a member of the union and was working as a foreman for the employer.

In connection with each job the contract provided for a job headquarters to be "where accommodations are sufficient," and one or more reporting headquarters near the then current job site "where living facilities are not sufficient." Concerning "travel time," it further provided:

5.4(a) "All men working out of a Reporting Headquarters shall be reimbursed for Travel Time at the rate of thirty cents (30¢) per mile one way. Reimbursement for travel time shall be computed

on the distance one way from the center of a city or town which is qualified to be a Job Headquarters to Reporting Headquarters where workmen will report at the beginning of the work day."

When working out of the job headquarters, on the other hand, the contract provided:

5.5(b) "Workmen shall receive no reimbursement for travel time when working out of a Job Headquarters. * * *"

The contract also provided:

"5.9 The Contractor shall pay for traveling time and furnish transportation to employees transferred from Permanent Headquarters to Job Headquarters and Job Headquarters to Job Headquarters. The Contractor shall not be required to pay for traveling time nor furnish transportation after an employee has been terminated."

In its opinion denying the claim the board conceded the claim here would be compensable had Mr. Fenn been traveling "in a conveyance of the employer." It stated further:

"* * * The situation would come closer to the line but would probably be compensable if compensation was attached to the specific travel involved * * *"

The generally recognized rule of workmen's compensation law known as the "going and coming rule" is that in the absence of special circumstances an employe injured while going to or coming from his place of work is excluded from the benefits of the compensation acts. 2 Will L J 75 (1962); *Willis v. State Acc. Ins. Fund,* 3 Or App 565, 475 P2d 986 (1970); *White v. S.I.A.C.,* 236 Or 444, 447, 389 P2d 310 (1964); 8 Schneider, Workmen's Compensation Text 3, § 1710 (3d Ed 1951).

■ There are several exceptions to this general rule, one of which is that

"[w]hen the employee is paid an identifiable amount as compensation for time spent in a going or coming trip, the trip is within the course of employment. This is a clear application of the underlying principle that a journey is compensable if the making of that journey is part of the service for which the employee is compensated. * * *" 1 Larson, Workmen's Compensation Law 266-68, § 16.20 (1968).

*See also,* 2 Will L J 75 (1962) ; 8 Schneider, Workmen's Compensation Text 229, § 1742 (3d Ed 1951).

This exception has been adopted in Oregon. In *Livingston v. State Ind. Acc. Com.,* 200 Or 468, 472-73, 266 P2d 684 (1954), the court stated:

"This court has uniformly held that the provisions of the Workmen's Compensation Law should be interpreted liberally in favor of the workman, and particularly should this be so when we are confronted with a 'borderline case.' In the interests of justice, and to carry out the humane purposes of a Compensation Law, all reasonable doubts should be resolved in favor of the workman.

"* * * * *

"We hold that if an employer pays for the employe's time during his travel from the job site to his home, the relationship of employer and employe continues during that period of time, and an injury occurring during the course and, in particular, the time of such travel from accidental causes, arises out of and in the course of the employment, and is compensable."

*See also, I-L Logging Co. v. Mfgrs. & Whlse. Ind. Exc.,* 202 Or 277, 326, 273 P2d 212, 275 P2d 226 (1953).

Paying for the time consumed by travel fre-

quently occurs where the work to be performed is at some rather remote place in order to induce men to work at that distance from their homes. (1 Larson, Workmen's Compensation Law 266, § 16.20 (1968)). Such is clearly the case when, as here, the actual daily work location progresses regularly over a substantial distance, here extending from Silverton to Marcola, being over 70 miles.

■ Does the contract pay only for travel expenses or does it compensate for travel time? We note that the contract itself provides for "travel time" and that the amount paid, $3.30, is uniform regardless of either distance traveled or the time consumed. It is payable without regard to what, if any, travel cost the employe actually incurs. Based upon the approximate one-half hour reasonably to be anticipated in traveling a distance of 22 miles, the amount paid is at least commensurate with, if not greater than, the hourly wage scales established by the contract.

As pointed out in *Livingston v. State Ind. Acc. Com.*, supra, our Supreme Court has expressly held "that if an employer pays for the employe's time during his travel" the relationship continues during the trip to and from the job. *See also, O'Reilly v. Roberto Homes, Inc.*, 31 NJ Super 387, 107 A2d 9 (1954). Under this contract, then, we are of the opinion and hold that at the time of the injury the claimant was within the scope of his employment.

The judgment is affirmed.