On petitions for reconsideration by respondent Progressive Casualty Insurance Company, filed December 28, 1989, and respondent Raymond D. Marca, filed January 3, reconsideration allowed, former opinion (99 Or App 489, 783 P2d 19) withdrawn; affirmed March 14, 1990

### PROGRESSIVE CASUALTY INSURANCE CO.,
*Respondent,*

*v.*

### MARCA,
*Defendant,*

*and*

### SMISEK,
*Appellant.*

### (88CV0218; CA A49505 (Control))

### SMISEK,
*Appellant,*

*v.*

### MARCA,
*Respondent.*

### (87CV1138; CA A50401)
### (Cases Consolidated)

788 P2d 490

Michael A. Lehner and Lehner & Mitchell, Portland, for the petition of Progressive.

Gig Wyatt, Salem, and Law Offices of J.P. Harris, II, P.C., Salem, for the petition of Marca.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Graber, P. J., dissenting.

**EDMONDS, J.**

Respondents separately petition for review of our opinion. 99 Or App 489, 783 P2d 19 (1989). We allow the petitions, withdraw our former opinion and affirm.

We incorporate by reference the facts in our former opinion except to delete this sentence:

"The record does not suggest that working around and moving tractors or similar equipment was an ordinary risk of Robbins' regular work as a farm hand."

In our opinion we said:

"'The trial court correctly determined that the *salvage work* was a part of Robbins' employment. * * *

"*Moving the tractor,* however, was not shown to be an integral part of the salvage project and, therefore, was not a part of Robbins' employment. On this record, moving the tractor was entirely for the benefit of the fire department, not Marca. * * * He was not acting in the course of his employment when he died." 99 Or App at 496. (Emphasis in original; footnote omitted.)

The insurance policy in effect at the time of the accident provided, in pertinent part:

"We do not cover:

"* * * * *

"(6) Bodily injury to an employee of an insured arising in the course of employment. This exclusion does not apply, however, to bodily injury to domestic employees who are not entitled to workers' compensation benefits."

The phrase "arising in the course of employment" has the same meaning as in ORS 656.005(7)(a).[1] *I-L Logging Co. v. Mfgrs. & Whlse. Ind. Exc.,* 202 Or 277, 325, 273 P2d 212, 275 P2d 226 (1954).

In *Bos v. Ind. Acc. Com.,* 211 Or 138, 146, 315 P2d 172 (1957), the claimant was injured while returning from working for his employer doing farm work, which at that time was

---

[1] ORS 656.005(7)(a) provides, in relevant part:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means."

exempt from workers' compensation coverage. He was en route to work that was covered. The court held that the exempt work was but a small portion of his work for employer and merely incidental thereto. The court said, in holding for the claimant:

> "The second category of troublesome cases is that which involves employees who go from one class of work to another. Here, as in the other specific exemptions, it is impractical to construe the act in such a way that employees and employers dart in and out of coverage with every momentary change in activity. The great majority of decisions, therefore, attempt to classify the overall nature of the claimant's duties, disregarding temporary departures from that class of duties even if the injury occurs during one of the departures."[2] (Citation omitted.)

**2.** Here, there is no material difference. Had Robbins been killed while returning from the work site, the Workers' Compensation Law would have provided coverage. The fact that Robbins was killed while performing a task that was unrelated to the salvage project just before he and Marca were to depart from the work site did not remove Robbins from the protection of the Workers' Compensation Law.

The dissent relies on *Rogers v. SAIF*, 289 Or 633, 616 P2d 485 (1980), and would hold that it has implicitly overruled *Bos v. Ind. Acc. Com., supra. Rogers* holds that, if any injury of an employee has a unitary work-connected relationship to his employment, then it is compensable. The court said:

> "In adopting a unitary 'work-connection' approach in place of the customary mechanistic two-stage method of analysis, it is not our intention to substantially change fundamental Workers' Compensation law." 289 Or at 643.

*Bos v. Ind. Acc. Com., supra,* is not inconsistent with fundamental workers' compensation law. It was decided under *former* ORS 656.202(1), which used the two-step analysis.

We hold that the task performed by Robbins, although it was a departure from his usual duties, was in the course of his employment and that the trial court properly

---

[2] We have used this rule in two recent cases in which the issue was whether the claimant was a "non subject worker" as defined in ORS 656.027(2). *Gordon v. Farrell,* 85 Or App 590, 593-94, 737 P2d 654, *rev den* 304 Or 55 (1987); *Anfilofieff v. SAIF,* 52 Or App 127, 627 P2d 1274 (1981).

held that Progressive had no duty to defend or indemnify Marca in the wrongful death action.

Reconsideration allowed; former opinion withdrawn; affirmed.

**GRABER, P. J.,** dissenting.

I dissent. Although I agree with the majority's deletion of the next-to-last sentence of our opinion, I would adhere to that opinion with that modification. The majority has answered the wrong question and has thereby deprived Robbins' estate of benefits to which it is entitled.

The majority errs in applying *Bos v. Ind. Acc. Com.,* 211 Or 138, 315 P2d 172 (1957). That case, as well as the two later ones that the majority cites, did *not* consider the issue in the present case: whether the claimant's injury arose in the course of employment. The question in those cases was whether the claimant was a "nonsubject worker," as defined in ORS 656.027(2). Only in that context does it make sense to "attempt to classify the overall nature of the claimant's duties," 100 Or App at 730, rather than to examine the specific connection between the injury and the employment. Indeed, the majority shows that it has confused the concepts of covered worker and compensable injury when it says:

> "The fact that Robbins was killed while performing a task that was unrelated to the salvage project just before he and Marca were to depart from the work site does not remove Robbins from the protection of the Workers' Compensation Law." 100 Or App at 730.

There is no dispute that Robbins was a covered worker. The only issue is whether his fatal injuries occurred in the course of his employment and were, therefore, excluded from coverage under Marca's liability insurance policy.

The proper test focuses, not on the worker, as in *Bos v. Ind. Acc. Com., supra,* but on the injury. We cited *Rogers v. SAIF,* 289 Or 633, 642, 616 P2d 485 (1980), and explained the *Rogers* test in detail, in *Preston v. SAIF,* 88 Or App 327, 330, 745 P2d 783 (1987). In our opinion, we analyzed the application of *Rogers,* and the majority does not suggest that we did so incorrectly. Instead, it applies a standard for construing a different section of the statute. Even if the *Bos* analysis were

somehow relevant, *Rogers* controls to the extent that the two cases are inconsistent.

Robbins was not acting in the course of his employment when he died. The majority distorts the workers' compensation statutes when it decides otherwise. Accordingly, I dissent.