In the Matter of the Compensation of
Marvin C. Wright, Claimant.
*and*
In the Matter of the Complying Status of
Theodore Bernards (dba Alderwood Homes),
and Norman Bernards (dba Cascade Tractor
and Implement Co.), Employers.

BERNARDS,
dba Alderwood Homes,
*Petitioner,*

*v.*

WRIGHT et al,
*Respondents.*

(WCB 85-00868, 85-05797,
85-05798, 85-05799; CA A43730)

760 P2d 1388

Jerald P. Keene, Portland, argued the cause for petitioner Theodore Bernards. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Randy Elmer, Salem, argued the cause and filed the brief for respondent Marvin Wright.

Allan M. Muir, Portland, waived appearance for respondents Cascade Tractor and Implement Co., and Maryland Casualty Co.

Darrell Bewley, Assistant Attorney General, Salem, waived appearance for respondent SAIF Corporation. No appearance for respondent Norman Bernards.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Petitioner seeks review of a Workers' Compensation Board order reversing a referee's decision which denied a claim for injuries sustained by claimant. On *de novo* review, we affirm.[1]

In August, 1984, petitioner asked claimant to assist him in painting the private residence of petitioner's brother, Norman Bernards, and the building that housed Bernards' business, Cascade Tractor and Implement Co. Claimant accepted the offer of work and petitioner agreed to pay claimant $8.00 per hour.[2] Petitioner provided all of the materials and equipment for the job, except that claimant used his pickup truck for transportation, including driving petitioner to the job site in the morning. He also used his own carpentry tools for the repair of a garage door on the residence.

On August 24, 1984, they began work on the residence. The next day, petitioner was unable to work on the project but instructed claimant to continue working on the Cascade Tractor building. They worked together on the Bernards' residence for the rest of the week. Claimant did not work for anyone else during that time. On August 27, 1984, claimant picked up petitioner in the morning. En route to the job site, they were involved in an automobile accident in which claimant was injured. Petitioner eventually paid claimant $232 for 29 hours of work, but did not withhold any amount for taxes or Social Security.

Claimant filed claims for compensation with petitioner, petitioner's business, Alderwood Homes, Inc., Norman Bernards and Cascade Tractor. The referee denied all claims, concluding that no employer-employe relationship existed between claimant and any of the parties and that, in any event, he was not within the course of his employment at the time of injury. The Board reversed the referee's decision in part and held that claimant was an employe of petitioner and was acting within the scope of his employment at the time of the accident.[3]

---

[1] The petition for review in this case was filed on April 3, 1987, before the effective date of Or Laws 1987, ch 884, § 12a.

[2] Claimant had worked with petitioner on similar projects in the past and had been paid on an hourly basis for that work.

[3] Claimant does not challenge the Board's dismissal of his claims against Alderwood Homes, Inc., Norman Bernards and Cascade Tractor and Implement Co.

■■. Petitioner assigns as error the Board's conclusion that an employer-employe relationship existed between petitioner and claimant under ORS 656.027. Petitioner contends that claimant was an independent contractor rather than a subject worker. The principal factors showing employment are the direct right or exercise of control, the method of payment, the furnishing of equipment and the right to terminate. 1C Larson, *Workers' Compensation Law* 8-40, § 44.00 (1986). Right of control is often the most important factor. *Woody v. Waibel,* 276 Or 189, 554 P2d 492 (1976). Employe status exists when the objective factors indicate that the employer had the right to control the details of the employe's work.

■ In this case, the employer did control the details of the claimant's work. Petitioner could terminate claimant's employment at any time. He had control over where and when the work would be performed. Further, he paid claimant on an hourly basis and, except for the carpentry tools and pickup, all the equipment necessary for the work was provided by petitioner. Although there was conflicting evidence, we find that the evidence indicating employe status outweigh that indicating that claimant was an independent contractor.

■ Petitioner also argues that claimant comes within the exclusion from workers' compensation coverage for sole proprietors. ORS 656.027(7). He relies on claimant's tax records for 1983 and 1984, which indicate that he reported some of his income in those years as income generated by a sole proprietorship. However, we do not find the tax records dispositive on the issue of claimant's status vis-a-vis petitioner for the work involved in this claim. Although his tax records indicate that some income generated in those years was profit from a sole proprietorship, the records also indicate that other income was in the form of wages, salaries and tips. Petitioner has failed to establish that the amounts he paid to claimant were reported by him as income from a sole proprietorship.

■■ Petitioner also assigns as error the Board's conclusion that claimant was not excluded from coverage by the "going and coming" rule. Under that rule, an employe injured while going to or coming from his place of work is not within the course of employment at the time of injury and is therefore excluded from workers' compensation coverage. *Jenkins v. Tandy Corp,* 86 Or App 133, 137, 738 P2d 985, *rev den* 304 Or

279 (1987). An employe is generally not within the rule if he is compensated by the employer for "travel time."[4] *Fenn v. Parker Construction Co.,* 6 Or App 412, 416, 487 P2d 894 (1971). We find that claimant was to be compensated for travel time en route to the job site. Accordingly, the injuries occurred during the course of his employment.

Affirmed.

---

[4] Both petitioner and claimant agree that claimant was to be compensated for some travel time. Claimant asserts that he was to be compensated for the time spent traveling to the job site; petitioner asserts that no firm agreement was reached on which travel direction claimant was to be compensated. Although the parties disagree over the direction, they agree that he was to be compensated in at least one direction.