Argued and submitted January 7, reversed and remanded for reconsideration; otherwise affirmed May 29, 1991

## LITTLE DONKEY ENTERPRISES, INC.,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(88-11-01; CA A63546)

812 P2d 25

Montgomery W. Cobb, Portland, argued the cause for petitioner. With him on the brief were David R. Simon and Tooze, Shenker, Holloway & Duden, Portland.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Petitioner seeks review of the final order of the Department of Insurance and Finance that ordered petitioner to pay workers' compensation premiums assessed by SAIF. We review for substantial evidence and errors of law, ORS 183.480; ORS 183.482, and conclude that substantial evidence supports the department's factual findings and that it did not err in determining that the workers in question are employees rather than independent contractors. However, the department failed to consider whether those employees are exempt as non-subject workers under ORS 656.027.

Petitioner argues that the department erred in finding that the testimony of petitioner's witnesses lacked credibility; in finding that OAR 836-43-110(3) does not apply to the audit; in finding that the workers are petitioner's employees rather than independent contractors; and in failing to consider whether the workers are exempt under ORS 656.027. Only the last contention merits discussion.

Petitioner characterizes itself as a transportation management company. It enters into contracts with persons who own and operate trucks (owner-operators) and arranges loads for them to transport. It collects payments from the shippers for the transportation provided and pays the owner-operators a percentage of that amount. It also handles the accounting for the owner-operators.

SAIF provided petitioner workers' compensation coverage from November 11, 1986, through December 31, 1987. After an audit, SAIF adjusted the premiums for that period, because it considered the owner-operators under written contract with petitioner to be employees subject to the Workers' Compensation Law. Petitioner was assessed additional premiums of $43,000.

Petitioner requested review of the assessment. At the hearing, the department found that petitioner's relationships with the owner-operators involved three types of operations: common-carrier, broker-carrier and trip-leasing. The department found that, under the contract for common-carrier operations, petitioner retains the right to control the owner-operators' duties and responsibilities and that, therefore, they are petitioner's employees.

The department did not address petitioner's contention that the owner-operators are exempt under ORS 656.027. SAIF argues that the department was not obliged to discuss the statutory exemptions because, to be exempt under the current version of ORS 656.027(7), a sole proprietor must qualify as an independent contractor and the department had already determined that the owner-operators do not qualify. The language on which SAIF relies, that "the sole proprietor must qualify as an independent contractor," was added in 1989. Or Laws 1989, ch 762, § 41. The same language was also added to the exemptions for partners and corporate officers in ORS 656.027(8) and (9). At the time of the audit, the statute read:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *

"(7)  Sole proprietors."

Under the statute, sole proprietors were exempt, even if they did not qualify as independent contractors.[1] The same was true for partners and corporate officers under ORS 656.027(8) and (9). The department should have considered whether the owner-operators are exempt as non-subject workers under the pre-amendment version of ORS 656.027. Therefore, we remand for reconsideration.

Reversed and remanded for reconsideration of whether owner-operators are exempt as non-subject workers; otherwise affirmed.

---

[1] In *Bernards v. Wright,* 93 Or App 192, 760 P2d 1388 (1988), the claimant was found to be an employee, rather than an independent contractor, but was not exempt as a sole proprietor under ORS 656.027(7), because the employer did not prove that the claimant was a sole proprietor. The clear implication of that case is that, if the employer had proved that the claimant was a sole proprietor, the exemption would have applied. *See also Lockard v. The Murphy Company,* 49 Or App 101, 109 n 6, 619 P2d 283 (1980), *rev den* 290 Or 519 (1981).