Argued and submitted April 12, reversed and remanded for proceedings June 5, 1991

In the Matter of the Compensation of
Karen J. Maroon, Claimant.

Karen J. MAROON,
*Petitioner,*

*v.*

GREAT WESTERN CONSTRUCTION
and State Accident Insurance Fund,
*Respondents.*

(WCB No. 89-13721; CA A66206)

811 P2d 1389

Margaret H. Leek Leiberan, Portland, argued the cause for petitioner. With her on the brief were Dennis Henninger, Lake Oswego, and Leiberan & Gazeley, Portland.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent SAIF. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent Great Western Construction.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Claimant seeks review of a Workers' Compensation Board order affirming the referee's denial of her claim on the ground that she was a sole proprietor and had not elected coverage for herself pursuant to ORS 656.128.[1]

In 1986, claimant began working as a bookkeeper for Mike Maroon, who was doing business as Great Western Construction Company (Great Western). In 1987, she married Maroon and continued working. In August, 1988, she filed an application with SAIF for workers' compensation insurance for Great Western, listing herself as its president and sole proprietor. The application stated that SAIF "does not provide coverage for a sole proprietor." In fact, under ORS 656.027, a sole proprietor is not considered to be a subject worker for purposes of workers' compensation. If there is to be coverage, the sole proprietor must elect it, pursuant to ORS 656.128. Claimant did not elect coverage. In August, 1988, SAIF issued a policy in the name of claimant, as president, doing business as Great Western.

In processing the application, SAIF learned that Great Western was registered as an assumed business name of Mike Maroon and that claimant did not have the right to use the name. It notified claimant that it could not show Great Western as an assumed business name for claimant

---

[1] ORS 656.128 provides:

"(1) Any person who is a sole proprietor, or a member of a partnership, may make written application to an insurer to become entitled as a subject worker to compensation benefits. Thereupon, the insurer may accept such application and fix a classification and an assumed monthly wage at which such person shall be carried on the payroll as a worker for purposes of computations under this chapter.

"(2) When the application is accepted, such person thereupon is subject to the provisions and entitled to the benefits of this chapter. The person shall promptly notify the insurer whenever the status of the person as an employer of subject workers changes. Any subject worker employed by such a person after the effective date of the election of the person shall, upon being employed, be considered covered automatically by the same guaranty contract that covers such person.

"(3) No claim shall be allowed or paid under this section, except upon corroborative evidence in addition to the evidence of the claimant.

"(4) Any person subject to this chapter as a worker as provided in this section may cancel such election by giving written notice to the insurer. The cancellation shall become effective at 12 midnight ending the day of filing the notice with the insurer."

under the policy, because the name was registered to another individual. It advised claimant to contact the Corporation Division to correct the registration. SAIF received no response from claimant. The letter also stated that an individual proprietor of a business is personally covered only if the proprietor's name appears on the "sole proprietor endorsement." Because claimant had not elected coverage for herself, her name did not appear on the endorsement.

Great Western subcontracted roofing work. In April, 1989, one of its roofers quit, and claimant replaced the worker as an apprentice roofer. On May 4, she fell through a hole in a roof and sustained massive head, neck and shoulder injuries and a ruptured spleen. SAIF denied her claim for benefits on the ground that it did not insure Great Western.

The referee upheld SAIF's denial. She reasoned, first, that the policy that claimant had obtained, which was for a sole proprietorship, did not cover the employees of Great Western, because that name was registered to Mike Maroon, not to claimant, and the registration had never been changed. Additionally, she held that the policy did not provide coverage for claimant personally, because she had not elected coverage under ORS 656.128(1). The Board affirmed those determinations, and we agree that they are correct.

The Board also "[a]greed with the Referee that claimant was a sole proprietor." We note, initially, that the referee and the Board did not expressly find, as SAIF suggests, that claimant was the sole proprietor of *Great Western.* In fact, the Board stated that "claimant was not insured as an individual doing business as" Great Western. The Board's determination that claimant was not covered personally appears to have been based only on the conclusion that, under her policy as a sole proprietor, she had not elected to be covered personally.

Despite that, the Board held that, "because we find that claimant was a sole proprietor and that she had not elected coverage, we do not reach the merits of claimant's argument that she was a subject employee at the time of her injury." The Board's decision appears to have been based on

the assumption that claimant could not be both a sole proprietor and an employee of the same business, in the absence of an election. That is a correct assumption.

However, as the Board found, claimant was not insured as the sole proprietor of Great Western. Additionally, we conclude that, if the Board's opinion is read to contain the finding that claimant was, in fact, the sole proprietor of Great Western, substantial evidence does not support it. The only evidence to support the finding is that claimant represented herself to be the sole proprietor of Great Western in the application for workers' compensation insurance and in other documents submitted to SAIF. All the other evidence weighs so heavily against a finding that Great Western was claimant's business that the Board could not reasonably have found that claimant was its sole proprietor.[2] *Younger v. City of Portland*, 305 Or 346, 356, 752 P2d 262 (1988).

Because claimant was not, in fact, the sole proprietor of Great Western, and was not insured as such, she could be covered under the Workers' Compensation Law as a subject worker of Great Western. The referee found that claimant was not a subject worker of Great Western, because she was not paid for her services. The Board did not decide the issue because of its mistaken belief that claimant could not be a subject worker. Accordingly, we remand the case for the Board to consider whether claimant was a subject worker of Great Western.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[2] For example, the referee found:

"Mike Maroon was the sole manager of the business. He hired and fired, obtained business, purchased materials, estimated jobs, trained and supervised. Claimant was the bookkeeper and office worker. She shared in the profits and losses to the extent any family member naturally would. She in no way had any control over the profits or jobs undertaken, exercised minimal, if any, supervision, and was not personally responsible for making up any of the business losses."