## BOB WILKES FALLING, INC.,
*Petitioner,*

*v.*

The filings of the
## NATIONAL COUNCIL ON
## COMPENSATION INSURANCE
and SAIF Corporation,
*Respondents.*

(88-10-18; CA A65963)

816 P2d 1172

Martha C. Evans, Eugene, argued the cause for petitioner. With her on the brief was DePaolis, Evans, Shepard & Vallerand, Eugene.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him

on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent National Council on Compensation Insurance.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Petitioner seeks review of a final order of the Department of Insurance and Finance that ordered petitioner to pay additional workers' compensation premiums assessed by SAIF. We review for substantial evidence and errors of law, ORS 183.480; ORS 183.482, and reverse.

Petitioner is in the business of falling and bucking timber. It requires its workers to provide their own transportation to logging sites. Purportedly, it paid money to its workers to reimburse them for travel expenses to the sites and deducted it as a business expense from its payroll report. SAIF audited petitioner's records and determined that the money should have been included as payroll. After a hearing, the department issued a final order[1] in which it found that petitioner hired Northwest Timber, Inc., and Lake Price Logging, each operated by one individual, to cut timber. It held that those individuals were subject employees, not independent contractors, under the criteria set forth in *Castle Homes, Inc. v. Whaite,* 95 Or App 269, 769 P2d 215 (1989), and the petitioner owed premiums for their coverage.

Petitioner asserts that department violated ORS chapter 183 when it failed to issue a proposed order; that no substantial evidence supports department's findings regarding petitioner's travel reimbursements; that the reimbursements were erroneously included in its payroll; and that department erred in concluding that Northwest Timber, Inc., and Lake Price Logging were not independent contractors.

■■ We hold that a proposed order was not required by ORS 183.460, ORS 183.415(11)(g) or (h), ORS 183.464 or OAR 137-03-060(1) before the final order was entered, because department's acting deputy administrator reviewed the entire record on reconsideration. We also hold that substantial evidence supports department's findings regarding petitioner's travel reimbursements and that department did not err when it concluded that the reimbursements should have been included in petitioner's payroll for the purpose of calculating premiums.

---

[1] Department issued a final order and then issued an amended final order, in which a citation error was corrected.

Regarding the department's determination that the individuals employed by Northwest Timber, Inc., and Lake Price Logging were subject employees, we remand for reconsideration in the light of *Little Donkey Enterprises, Inc. v. SAIF*, 107 Or App 400, 812 P2d 25 (1991).

Order regarding Northwest Timber, Inc., and Lake Price Logging reversed and remanded for reconsideration; otherwise affirmed.