Argued and submitted September 18, 1992, affirmed February 3, 1993

# LITTLE DONKEY ENTERPRISES, INC.,
*Petitioner,*

*v.*

# STATE ACCIDENT INSURANCE FUND,
*Respondent.*

## (88-11-01; CA A72333)

845 P2d 1298

Michael J. Gentry, Portland, argued the cause for petitioner. With him on the briefs were Montgomery W. Cobb, David R. Simon and Tooze Shenker Holloway & Duden, Portland.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson,* Chief Judge, and De Muniz and Leeson,** Judges.

De MUNIZ, J.

---

* Richardson, C. J., *vice* Buttler, J., retired.

** Leeson, J., *vice* Joseph, C. J., retired.

## De MUNIZ, J.

Petitioner seeks review of an order of the Department of Insurance and Finance (DIF) on remand after our decision in *Little Donkey Enterprises, Inc. v. SAIF*, 107 Or App 400, 812 P2d 25 (1991).

We restate the facts for convenience. Petitioner is a transportation management company. It does not own any trucks; it links shippers with truck carriers. Its only facility is an office in a mall complex, where it performs bookkeeping, dispatching and administrative functions. During the audit year 1986-87, it contracted with 29 owner-operators of Class A trucks (18 wheelers) to haul loads for petitioner's shipper customers. Petitioner collected payments from the shippers for loads hauled and paid the owner-operators a percentage of those amounts.

Respondent assessed premiums to petitioner for owner-operators with whom petitioner had contracted. Petitioner requested a hearing. DIF upheld the assessment with respect to owner-operators who operate under petitioner's common carrier license on the theory that, because petitioner retained the right to control the owner-operators' duties and responsibilities, they are petitioner's employees.

In our earlier review, the parties had argued about whether the owner-operators are independent contractors or employees of petitioner. We held that substantial evidence supported DIF''s determination that the owner-operators are employees. We also held that, regardless of their status as employees, additional inquiry was necessary to determine whether they might be exempt from compensation coverage under ORS 656.027 as sole proprietors, partners or corporate officers. 107 Or App at 403. We remanded to DIF for it to consider that issue.

On remand, DIF concluded that one owner-operator that had been included in the assessment should have been excluded, because the corporation for whom that trucker worked maintained its own workers' compensation insurance. DIF modified the assessment accordingly. It found no evidence indicating that any other owner-operators should be excluded from coverage.

■      On this review, petitioner contends that DIF applied an incorrect legal standard in determining which owner-operators are sole proprietors, partners or corporate officers for the purpose of the exemption under ORS 656.027. We conclude that, in our first opinion, we gave ORS 656.027 a broader reading than the language of the statute justifies and that we should not have remanded the case to DIF for reconsideration.

At the relevant time, ORS 656.027 provided, in part:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *

"(7)    Sole proprietors.

"(8)    Partners who are not engaged in work performed in direct connection with the construction, alteration, repair, improvement, moving or demolition of an improvement on real property or appurtenances thereto.

"(9)    A corporate officer who is also a director of the corporation and has a substantial ownership interest in the corporation, regardless of the nature of the work performed by such officer."

In 1989, the legislature amended the statute by adding a condition to subsection (7) that "[w]hen labor or services are performed under contract, the sole proprietor must qualify as an independent contractor." Or Laws 1989, ch 762, § 4. The legislature also added language to the exemptions for partners and corporate officers in subsections (8) and (9).

■■      In our first opinion, we inferred that the pre-1989 version of the statute exempted persons who are sole proprietors, partners or corporate officers, "even if they did not qualify as independent contractors." 107 Or App at 403. We were wrong. We now conclude that the 1989 amendments did not substantively change the exemptions. As we read ORS 656.027(7), in both its pre-amendment and amended incarnations, a person who is a sole proprietor of a business is not eligible for workers' compensation coverage for acts performed *in that capacity*, unless that person has elected to be covered under ORS 656.128. The cases cited in our earlier opinion are not to the contrary. *See Bernards v. Wright*, 93 Or

App 192, 760 P2d 1388 (1988); *Lockard v. The Murphy Company*, 49 Or App 101, 109 n 6, 619 P2d 283 (1980), *rev den* 290 Or 519 (1981). A person may simultaneously function as the sole proprietor of a business and as an employee of another business. That person is not barred from coverage while working in the latter capacity. *See Maroon v. Great Western Construction*, 107 Or App 510, 513-14, 811 P2d 1389 (1991). Any suggestion to the contrary in our first opinion in this case is disapproved.

There is no indication that, with respect to their relationships with petitioner, the owner-operators functioned in any of the capacities excluded from coverage under ORS 656.027(7), (8) or (9). In our first opinion, we held that substantial evidence supported DIF's determination that the owner-operators were petitioner's employees, rather than independent contractors. 107 Or App at 402. Now revisiting that holding, we adhere to it.

■      We reject petitioner's contention that, under ORS 737.505(3),[1] DIF lacked the authority to delete a portion of SAIF's assessment after DIF determined that one owner-operator should have been excluded. Even assuming that that

---

[1] ORS 737.505 provides, in part:

"(1) Every rating organization and every insurer which makes its own rates, within a reasonable time after receiving written request therefor and upon payment of such reasonable charge as it may make, shall furnish to any insured affected by a rate made by it, or to the authorized representative of such insured, all pertinent information as to such rate.

"(2) Every rating organization and every insurer which makes its own rates shall provide within this state reasonable means whereby any person aggrieved by the application of its rating system may be heard, in person or by the authorized representative, on written request by the person or authorized representative to review the manner in which such rating system has been applied in connection with the insurance afforded the person. If the rating organization or insurer fails to grant or reject such request within 30 days after it is made, the applicant may proceed in the same manner as if the application had been rejected.

"(3) Any party affected by the action of such rating organization or such insurer on such request, within 30 days after written notice of such action, may appeal to the director, who, after a hearing held at a place designated by the director upon not less than 10 days' written notice to the appellant and to such rating organization or insurer, shall affirm or reverse such action.

"(4) Appeals to the director pursuant to ORS 737.318 with regard to a final premium audit billing must be made within 60 days after receipt of the billing."

statute is applicable here,[2] we conclude that DIF had authority to delete a part of the assessment that it determined was incorrect. It was not limited to either affirming or reversing the billing in its entirety.

In the light of our determination that the owner-operators were petitioner's employees and were, therefore, entitled to coverage, we do not reach petitioner's other assignments of error.

Affirmed.

---

[2] ORS 737.505(3) would appear to apply to appeals of *ratings* by an insurer or rating organization, not to appeals of final premium audit billings.