On petitioner's petition for reconsideration filed May 19, reconsideration allowed; opinion (118 Or App 54, 845 P2d 1298) modified; reversed and remanded for reconsideration July 14, 1993

LITTLE DONKEY ENTERPRISES, INC.,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(88-11-01; CA A72333)

856 P2d 323

Montgomery W. Cobb, Portland, for petition.

Before Richardson,* Chief Judge, and De Muniz and Leeson,** Judges.

De MUNIZ, J.

---

\* Richardson, C. J., *vice* Buttler, J., retired.

\*\* Leeson, J., *vice* Joseph, C. J., retired.

**De MUNIZ, J.**

Petitioner, Little Donkey Enterprises, Inc., has filed a petition for review of our decision affirming an order of the Department of Insurance and Finance (DIF). We held that owner-operators with whom petitioner had contracted to haul loads for petitioner's shipper customers were employees for purpose of workers' compensation and that amounts paid to them are wages to be considered in the calculation of workers' compensation premium assessments. *Little Donkey Enterprises, Inc. v. SAIF*, 118 Or App 54, 845 P2d 1298 (1993) (*Little Donkey II*). We also reconsidered our opinion in *Little Donkey Enterprises, Inc. v. SAIF*, 107 Or App 400, 812 P2d 25 (1991) (*Little Donkey I*), and held that a person may simultaneously function as the sole proprietor of a business and as an employee of another business, and that that person is not barred from workers' compensation coverage while working in the latter capacity. In *Little Donkey II* we adhered to our holding in *Little Donkey I* that substantial evidence supports DIF's determination that the owner-operators are employees rather than independent contractors.

Petitioner is required by Interstate Commerce Commission (ICC) regulations to enter into lease agreements with the owner-operators of trucks hauling loads under petitioner's operating authority. The lease agreements contain terms required by the ICC in 49 CFR 1057.12. Specifically, 49 CFR 1057.12(c) requires that the lease "shall provide that the authorized carrier lessee shall have exclusive possession, control, and use of the equipment for the duration of the lease." In its first order in this case, DIF based its determination that the owner-operators are employees primarily on its construction of the ICC leases between petitioner and the owner-operators. DIF said:

> "Petitioner's basic position is that it did not believe that it had a right to control the owner-operators concerning the manner and means of carrying out the shipping duties. Clearly, petitioner's belief was incorrect. We simply do not believe the characterization of the relationship as presented by petitioner's witnesses. Their understanding of petitioner's right to control is directly contradicted by the lease agreement noted in the Findings of Fact, above. Because oral testimony of petitioner's witnesses is at such variance with

this agreement, that testimony is untrustworthy and thus lacks credibility.

"The contractual right to control is stated directly and indicated in enumerated duties under the contract. The lease agreement states: 'Carriers [petitioner] shall ultimately determine the control and transportation service to be performed under this agreement * * *.' Beyond this stated and unqualified right to control, this agreement is replete with enumerated rights to control the owner-operators."

Subsequent to DIF's order and to our decision in *Little Donkey I*, the ICC amended its lease regulation. The amendment provides:

"(4) Nothing in the provisions required by paragraph (c)(1) of this section is intended to affect whether the lessor or driver provided by the lessor is an independent contractor or an employee of the authorized carrier lessee. An independent contractor relationship may exist when a carrier lessee complies with 49 USC 11107 and attendant administrative requirements." 49 CFR 1057.12(c)(4).

The ICC explained that the amendment is intended to express the intent of the regulation:

"The purpose of the amendment is to give notice to the courts and workers' compensation or other administrative tribunals who have ruled otherwise that, in requiring that a lease provide for a lessee's 'exclusive possession, control, and use' of equipment provided by the lessor, it is not the intention of the Commission's regulations to define or affect the relationship between a motor carrier lessee and an independent owner-operator lessor." 57 Fed Reg 32905 (July 24, 1992).

The amendment was not brought to our attention in *Little Donkey II*. It necessitates a significant reevaluation of the employee/independent contractor question presented by this case. In view of the amendment, we conclude that reconsideration is appropriate. We allow reconsideration of *Little Donkey II*, withdraw that portion of our decision adhering to the holding in *Little Donkey I* that the owner-operators are employees, and remand to DIF for reconsideration.

Reconsideration allowed; opinion modified; reversed and remanded for reconsideration.