Argued and submitted September 24, affirmed December 8, 1993

PORT BLAKELY TREE FARMS,
*Respondent,*

*v.*

The filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE,
*Respondent below,*

*and*

SAIF CORPORATION,
*Petitioner.*

(91-08-049; CA A77447)

865 P2d 387

Michael O. Whitty, Special Assistant Attorney General, argued the cause for petitioner. With him on the brief were Theodore R. Kulongski, Attorney General, and Virginia L. Linder, Solicitor General.

Timothy R. Volpert argued the cause for respondent. On the brief were Shelley Larkins and David C. Knowles.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

**RIGGS, J.**

SAIF Corporation (SAIF) seeks review of an order of the Department of Insurance and Finance (DIF), which required SAIF to rebill its insured, Port Blakely Tree Farms, and to delete premiums paid by Port Blakely on behalf of two loggers. We affirm.

The two loggers, Thronson and Bryant, contracted to thin trees for Port Blakely. They supplied their own equipment. Both filed Schedule C income tax forms and maintained their own business phones and business insurance. Neither logger worked exclusively for Port Blakely. SAIF conducted a premium audit and contended that Port Blakely was liable for workers' compensation premiums for both loggers. Port Blakely sought review.

In its final order, DIF held that the loggers were "workers" under ORS 656.005(28).[1] DIF next determined whether the loggers were "subject workers" under ORS 656.027(7).[2] It found that the loggers were nonsubject workers, because they were sole proprietors who qualified as independent contractors under ORS 670.600. Because it found that the loggers were nonsubject workers, DIF held that Port Blakely did not have to pay workers' compensation premiums for them.

SAIF makes three arguments on review. It first argues that, even if the loggers were sole proprietors under ORS 656.027(7), their status as "non-subject workers" merely exempts them from coverage while they are self-employed. Citing *Little Donkey Enterprises, Inc. v. SAIF*, 118 Or App 54, 845 P2d 1298, *mod* 121 Or App 643, 856 P2d 323 (1993), SAIF reasons that any employer who employs sole

---

[1] ORS 656.005(28) provides, in part:

" 'Worker' means any person * * * who engages to furnish services for remuneration, subject to the direction and control of an employer."

[2] ORS 656.027(7) provides:

"All workers are subject to this chapter except those non-subject workers described in the following subsections:

"* * * * *

"(7) Sole proprietors. When labor or services are performed under contract, the sole proprietor must qualify as an independent contractor."

proprietors must pay premiums on their behalf. SAIF misconstrues *Little Donkey*. That case held that a sole proprietor *can* function in the capacity of a subject employee. A sole proprietor can also function in the capacity of a nonsubject worker if he or she also qualifies as an independent contractor. *See S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, 121 Or App 402, 854 P2d 944, *rev allowed* 318 Or 60 (1993).

■■ SAIF next argues that the loggers are not independent contractors. To qualify as an independent contractor, a person must satisfy all eight subsections of ORS 670.600. According to SAIF, the loggers did not satisfy the first and fourth subsections.

Under ORS 670.600(1), an independent contractor must be

> "free from direction and control over the means and manner of providing the labor or services, subject only to the right of the employer to specify the desired results."

The parties do not dispute the proposition that Port Blakely had a right to control the loggers, but did not exercise actual control over them. Their dispute centers instead on whether the statute incorporates a "right to control" or an "actual control" test. SAIF argues that ORS 670.600(1) incorporates a "right to control" test. After this case was briefed, we held in *S-W Floor Cover Shop* that, in ORS 670.600(1), "control" means "actual control." The loggers satisfied ORS 670.600(1) under *S-W Floor Cover Shop*.

SAIF next argues that the loggers did not satisfy ORS 670.600(4), which provides:

> "The individual or business entity providing labor or services has the authority to hire and fire employees to perform the labor or services."

SAIF's argument rests on two facts: that neither logger testified that he had the right to hire and fire his own employees and that, under the terms of their contract with Port Blakely, the loggers were required to get the written approval of Port Blakely before subcontracting. From those two facts, SAIF reasons that there is no substantial evidence that the loggers had the authority to hire and fire. ORS 183.482(8)(c).

Although the loggers never testified that they had the right to hire and fire their employees, their contract clearly contemplates that they, in fact, did have that right. Paragraph 7 of the contract states:

> "It is agreed that all costs shall be borne by Logger, including all labor employed in the performance of this contract * * *."

Paragraph 12 of the contract imposes on the loggers the duty to pay all insurance and unemployment compensation "applicable to Logger as an employer." Paragraph 14 of the contract makes the loggers liable for all actions brought by any employee of the logger. The contract provision requiring Port Blakely's approval for subcontracting does not limit the loggers' control over their own employees. The contract provides substantial evidence that the loggers had the right to hire and fire employees, thus satisfying ORS 670.600(4).

We conclude that the loggers were not subject workers under ORS 670.600; and that Port Blakely, therefore, was not required to provide workers' compensation for them.

Affirmed.