Argued and submitted October 15, 2003; resubmitted en banc April 1, reversed and remanded for reconsideration November 10, 2004

In the Matter of
the Subject Worker Status of
John Randall, Claimant.

John RANDALL,
*Petitioner,*

*v.*

OCEAN VIEW CONSTRUCTION COMPANY
and Department of Consumer and Business Services,
*Respondents.*

98-09289; A116878

100 P3d 1088

Christine C. Frost argued the cause for petitioner. With her on the briefs was Robert K. Udziela.

Kenneth L. Kleinsmith argued the cause for respondent Ocean View Construction Company. With him on the brief was Brad G. Garber.

Judy Lucas, Assistant Attorney General, argued the cause for respondent Department of Consumer and Business Services. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Chief Judge, Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Schuman, and Ortega, Judges, and Deits, Judge pro tempore.

LANDAU, J.

Edmonds, J., concurring.

Wollheim, J., dissenting.

**LANDAU, J.**

Claimant seeks review of an order of the Director of the Department of Consumer and Business Services (department) that affirms an order of the Workers' Compensation Division (WCD) holding that claimant was not a subject worker. We reverse and remand for reconsideration.

The relevant facts are not in dispute. Claimant had a Construction Contractors Board (CCB) license. Ocean View Construction Company (Ocean View) also had a CCB license. Claimant offered to work for Ocean View as a contractor at a contractor's rate of pay. Ocean View refused the offer because it already had its own CCB license. It agreed, however, to hire claimant at an hourly employee rate of pay. Claimant agreed.

Ocean View paid claimant as an employee and withheld income tax and social security tax from his wages. Ocean View reserved the right to terminate claimant and retained the right to control the means and manner of his work. Claimant brought his own tools to the job site, although he also used some of Ocean View's tools. He was capable of working alone and did so. Claimant's work for Ocean View did not require the use of his CCB license or bond.

Claimant was injured when he was working alone at or near the top of the house and fell to the ground. He filed a claim for workers' compensation benefits for an injury to his ankle. The WCD determined that claimant was not entitled to benefits because he was not a "subject worker" within the meaning of the workers' compensation statutes. The WCD reasoned that he was instead an independent contractor. Claimant requested a hearing, and an administrative law judge (ALJ) affirmed the WCD order on the ground that, under ORS 656.027(7)(b), claimant conclusively was presumed to be an independent contractor because he had a CCB license and was involved at the time of his injuries in activities subject to the licensing statute. The ALJ's order is deemed a final order of the director by operation of law. ORS 656.740(5)(a).

On review, claimant argues that the director erred in concluding that he is subject to a conclusive "presumption"

that he is an independent contractor and not a subject worker within the meaning of the workers' compensation statutes. He argues that, although he possessed a CCB license, he was not engaged in activities that were subject to the licensing statutes at the time of his injuries. Ocean View and the department argue that the director correctly concluded that claimant is subject to the conclusive presumption because he possessed a CCB license and was doing the work of a contractor.

When the relevant facts are not in dispute, whether a person is a "worker" entitled to benefits under the workers' compensation statutes generally is a question of law. *Oregon Drywall Systems v. Natl. Council on Comp. Ins.*, 153 Or App 662, 666, 958 P2d 195 (1998). In this case, the relevant facts are not in dispute, and the parties debate only the meaning and applicability of various statutes. When we interpret statutes, our task is to determine, if possible, the meaning that the legislature intended, looking first to the wording of the statute in context and, if necessary, legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

We begin with ORS 656.027, which provides, in part:

"All workers are subject to this chapter except those nonsubject workers described in the following subsections.

"* * * * *

"(7)(a)  Sole proprietors, except those described in paragraph (b) of this subsection. When labor or services are performed under contract, the sole proprietor must qualify as an independent contractor.

"(b)  Sole proprietors * * * licensed under ORS 701.035. When labor or services are performed under contract for remuneration, notwithstanding ORS 656.005(30), the sole proprietor must qualify as an independent contractor. Any sole proprietor * * * licensed under ORS 701.035 and involved in activities subject thereto is conclusively presumed to be an independent contractor."

Thus, the statute begins by affirmatively declaring that "[a]ll workers are subject to this chapter," and follows with a list of exceptions to the affirmative declaration. This case involves

one of the categories of exceptions, listed in subsection (7)(b), which refers to "sole proprietors licensed under ORS 701.035."

The phrasing, however, is perplexing. If it was intended that all sole proprietors licensed under ORS 701.035 are excepted from the declaration that all workers are subject workers, the statute could well have stopped with that simple declaration. It did not, however. Instead, the statute goes on to say that, if a sole proprietor provides labor or services under contract for remuneration, the sole proprietor must be an independent contractor. And, the statute continues, any sole proprietor licensed under ORS 701.035 *and* "involved in activities subject thereto" is conclusively presumed to be an independent contractor. Apparently, that means that, if the sole proprietor is licensed under ORS 701.035 but is not "involved in activities subject thereto," the sole proprietor is not an independent contractor and is, instead, a subject worker. On that much, all parties seem to agree.

The question, therefore, is whether the stipulated facts in this case satisfy the statutory requirements that claimant was a sole proprietor (1) "licensed under ORS 701.035" and (2) "involved in activities subject thereto." The parties appear to be in agreement that claimant was licensed under ORS 701.035.[1] So the determinative question is whether he was involved in activities "subject thereto." Subject *whereto*? The only plausible reference is subject to ORS 701.035. That, however, creates some further interpretive challenges, because ORS 701.035 does not describe any activities that are subject to it.

The statute begins by requiring that "[a]n applicant [for a construction contractor's license] must qualify as an independent contractor." ORS 701.035(1). No activities there.

---

[1] The matter is at least debatable, however. It is not entirely clear what "licensed under ORS 701.035" means. ORS 701.035 does not require anyone to be licensed. ORS 701.055 does. Nor does ORS 701.035 set out the procedures for obtaining a license. ORS 701.015 and ORS 701.075 do. ORS 701.035 simply states that an applicant must qualify as an independent contractor and that, under certain circumstances, the CCB's determination that a person is such an independent contractor applies. Given what ORS 701.035 says, it is not clear how one can obtain a license "under" it.

The statute then states that the CCB is required to "establish two classes of independent contractor licenses," one for an "exempt class" of licensees and one for a "nonexempt class." ORS 701.035(2). Again, nothing that plausibly relates to the "activities subject thereto" mentioned in ORS 656.027(7)(b).

The statute next states the consequences for a contractor obtaining the wrong class of license. ORS 701.035(3). Once again, no "activities subject thereto."

Finally, the statute states that "[t]he decision of the board that a person is an independent contractor applies only when the person is performing the work of the nature described in ORS 701.055 and 701.060." ORS 701.035(4). Here, at least, we find a reference to some sort of activities, in this case "work of the nature" described in two other statutes. Interestingly, however, the work that is mentioned is relevant only to a "decision of the board that a person is an independent contractor." If ORS 701.035(4) is the intended destination signaled by the reference in ORS 656.027(7)(b) to "activities subject thereto," the drafters again did us no favors, for the reference in the former statute applies only to determinations of the CCB, while the reference in the latter statute concerns a conclusive presumption independent of any decisions of the CCB.

Be that as it may, ORS 701.035(4) is the only portion of the cross-referenced statute that describes an activity: "work of the nature" described in two other statutes—ORS 701.055 and ORS 701.060. So we assume, as does everyone else in this case, that that is the relevant activity to which a sole proprietor's activity must be subject under ORS 656.027(7)(b).

Again, ORS 701.035(4) mentions "work of the nature" described in two statutes. The first statute is a prohibition. It states that "[a] person may not undertake, offer to undertake or submit a bid to do work as a contractor unless that person has a current, valid license issued by the Construction Contractors Board." ORS 701.055(1). What, then, is the nature of the work described in that statute? It seems to us that it is work of a contractor *that requires a license* from the CCB.

The second statute merely refers to obtaining additional licenses for activities that must be licensed under ORS 701.055:

"(1) Any contractor licensed under this chapter may at any time apply for a license in another category. The Construction Contractors Board may charge a transfer fee not to exceed $20 for each additional license.

"(2) If a contractor applies for a license pursuant to subsection (1) of this section all construction, alteration, improvement, moving over public highways, roads or streets, demolition or repair performed by that contractor on buildings of all types shall be subject to the provisions of this chapter and to regulation by the board. Such licensure shall be exclusive as provided in ORS 701.055(10)."

ORS 701.060. Again, what is the nature of the work involved in that statute? It is work *that requires a license* from the CCB.

The question in this case then becomes whether claimant was doing work that required a license. The answer appears clearly to be no. As we have noted, ORS 701.055 requires a license when a person undertakes, or offers to undertake, or submits a bid to do work "as a contractor." ORS 701.005(2) defines a "contractor" as

"a person who, for compensation or with the intent to sell, arranges or undertakes or offers to undertake or submits a bid to construct, alter, repair, add to, subtract from, improve, inspect, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development or improvement attached to real estate or to do any part thereof."

ORS 701.010 then lists exceptions from the licensure requirement. One such exception applies to "[a] person who performs work subject to this chapter as an employee of a contractor." ORS 701.010(8). It appears undisputed that claimant was an employee of a contractor who had its own valid CCB license. Thus, although he happened to have had one, the work that he performed in this case did not require a license.[2]

_____

[2] The concurrence finds additional support for our reading of the statutes by reference to the portion of ORS 701.005(2) that describes a "contractor" as "a

In short, claimant was not "involved in activities subject thereto," as that term is used in ORS 656.027(7)(b). He therefore was not subject to the conclusive presumption of that statute. He may or may not actually have been an independent contractor. That remains to be determined, but without reference to the statutory presumption. That issue should be determined on remand to the director.

Reversed and remanded for reconsideration.

**EDMONDS, J.,** concurring.

I concur with the majority's result, but I believe there is a more straightforward analysis that is available than the one that the majority uses. Based on the ordinary meaning of the words in the controlling statute and keeping in mind the overall goal of the workers' compensation law to afford remedies to workers who suffer work-related injuries, the issue before us can be resolved by understanding the import of the words of ORS 701.005(2).

ORS 701.005(2) provides:

" 'Contractor' means a person who, for compensation or with the intent to sell, arranges or undertakes or offers to undertake or submits a bid to construct, alter, repair, add to, subtract from, improve, inspect, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development or improvement attached to real estate or to do any part

---

person who, for compensation or with the intent to sell, arranges or undertakes or *offers to undertake or submits a bid*" to do contracting work. According to the concurrence, the focus of the statute is on the preparation of "a bid," whether by selling, arranging, undertaking, offering, or submitting. 196 Or App at 162 (Edmonds, J., concurring). The dissent argues that that reading of the statute conflicts with its phrasing, which states that a contractor is one who arranges *or* undertakes *or* offers to undertake *or* submits a bid. 196 Or App at 168 (Wollheim, J., dissenting). In our view, either reading is plausible, but we need not choose between them. Even if the dissent is correct with respect to its reading of that portion of ORS 701.005(2), its conclusion that the statutory reference to "activities subject thereto" means any construction work whatsoever—regardless of whether it requires a license in the particular instance—fails to take into account the phrasing of the cross-referenced statutes, which refer not merely to contracting work, but to contracting work that requires a license.

thereof. 'Contractor' includes general contractors, residential-only contractors and specialty contractors as defined in this section."

The definition of the word "contractor" in ORS 701.005(2) contemplates two discrete events that qualify a person or an entity as a "contractor." The first part of the statute focuses on an event that occurs before the work is performed. To be a "contractor" is to arrange, or undertake or offer to undertake, or submit a bid to do the work as a nonemployee. The terms, "arranges," "offers," "undertakes," or "submits a bid" are all synonyms that describe the first event that occurs. That kind of event, together with the owner's acceptance, meets the first qualification under the statute. The second event contemplated by the statute, "to construct, alter, repair, add to, subtract from, improve, inspect, move, wreck or demolish for another, any building," focuses on the work performed in relation to the first event. However, employees also perform those kinds of activities; that is why a contractor hires employees. Indeed, a contractor may choose to perform those activities only through the employees that it hires without performing any physical work itself.

When the events described by the above words in the statute are read together with the words "for compensation" or "with the intent to sell," they describe in their entirety how the legislature intended to define the word "contractor." Both events contemplated by the definition of "contractor" (the offer and acceptance to perform the work as a nonemployee and the performance of the work itself) must exist before a person is deemed a "contractor" under ORS 701.005(2) and before the conclusive presumption is triggered under ORS 656.027(7)(b). To read out of the definition of "contractor" the words, "arranges," "undertakes," "offers," or "submits a bid" is impermissibly to merge the distinction between an independent contractor and an employee that the legislature obviously intended when it promulgated the workers' compensation law and other statutes. *See, e.g.*, ORS 670.600(6).

In this case, Ocean View Construction (Ocean View) refused claimant's offer to work as a contractor for it, or, in

the language of ORS 701.005(2), Ocean View rejected claimant's offer to arrange, undertake, or submit a bid to do the work. Rather, it expressly hired him as an employee. Thus, the initial event contemplated by the statute never occurred, making the conclusive presumption relied on by the dissent inapplicable.

The flaw in the dissent is its failure to perceive that the definition of "contractor" in the statute contemplates two discrete events. Apparently focusing on the word "or" in the statute, it says that any of the actions that form the act (arranging, or undertaking or submitting a bid to do the work) are "by definition the work of a contractor" and, because "claimant undertook to do construction work for compensation," that "makes him a contractor under ORS 701.005(2)." 196 Or App at 168 (Wollheim, J., dissenting). But the effect of the dissent's interpretation is to eliminate the part of the statute that distinguishes an independent contractor from an employee. Thus, the dissent's interpretation results in a violation of the legislature's admonishment that we are to give effect to all parts of a statute. *See* ORS 174.010.

We made the above point clear in *Little Donkey Enterprises, Inc. v. SAIF*, 118 Or App 54, 58, 845 P2d 1298, *modified on other grounds on recons*, 121 Or App 643, 856 P2d 323 (1993), in which we held that a person may function simultaneously as the sole proprietor of one business (an independent contractor) and as an employee of another business for purposes of the workers' compensation law. The dissent pushes aside our decision in *Little Donkey Enterprises, Inc.*, asserting that the legislature's subsequent adoption of the conclusive presumption in ORS 656.027(7)(b) legislatively overruled our reasoning. But there is nothing in the language of that statute that prohibits a "contractor" from wearing the hat of an employee when not working as a contractor because such a person is not performing the activities of a contractor merely by performing the physical work of the job. The conclusive presumption in the statute applies only if the person is involved in all of the activities for which a license is necessary, *i.e.*, the arranging, offering to undertake, or bidding of a job. Here, claimant was not required by the law to have a contractor's license in order to do the physical work assigned to him by Ocean View. Given that reality and

that claimant's condition arises out of a work-related injury, I concur with the majority's result.

Brewer, C. J., joins in this concurrence.

**WOLLHEIM, J.,** dissenting.

The majority concludes that petitioner was not subject to the conclusive presumption of ORS 656.027(7)(b), the statute that the ALJ relied on in determining that petitioner was, in fact, an independent contractor. Choosing to focus on petitioner's status rather than the nature of the work in order to determine whether he is a "nonsubject worker," the majority's conclusion may yield a kinder result, but it is an incorrect one. Because petitioner is, in fact, a nonsubject worker under ORS 656.027(7)(b), I respectfully dissent.

A historical overview of this problem will provide context for the current dispute.

Whether an individual is covered or excluded from coverage under the Oregon Workers' Compensation Act has plagued both the legislature and the courts since the adoption of Oregon's first Workmen's Compensation Act. Both branches of government have repeatedly attempted to establish a "bright line" rule, and, as this controversy so ably demonstrates, establishing a "bright line" rule continues to be an elusive task.

Initially, the courts attempted to use the common-law doctrine of master and servant. As the Supreme Court recognized in *Woody v. Waibel*, 276 Or 189, 192, 554 P2d 492 (1976), "[a]n examination of the cases, both in the workmen's compensation field and in the area of vicarious liability, reveals that in many instances it is impossible through the employment of any rational process to determine [whether an individual is a worker or independent contractor]." Next, the courts used the right to control test to determine if an individual was a worker or an independent contractor. When the right to control test proved unsatisfactory, the courts judicially adopted the relative nature of the work test. *Id.* at 195. Over time, this test, too, proved to be unsatisfactory.

The legislature has also tackled this problem. The basic premise is that *all* workers are subject workers *unless*

the worker is excluded. ORS 656.027. Currently, there are 27 exceptions that identify nonsubject workers. The legislature has attempted to draw a bright line by adopting a single definition of "independent contractor" that applies in multiple areas, *e.g.*, unemployment, income tax, construction contracts, and workers' compensation. ORS 670.600. The last major revision of ORS 656.027(7) was in 1995; that is the statute we interpret here.

The legislature has adopted a "conclusive presumption" that an individual is an independent contractor if that person has a CCB license and is involved in activities subject to ORS 701.035. ORS 656.027(7)(b). There can be no question concerning the legislature's intent. However, determining workers' compensation coverage for construction workers continues to defy quick resolution.

The facts in this controversy establish that both Ocean View and petitioner intended to establish an employer and employee relationship. However, the parties' subjective intent does not control, because whether an individual is a worker or independent contractor is a question of law. *Oregon Drywall Systems v. Natl. Council on Comp. Ins.*, 153 Or App 662, 666, 958 P2d 195 (1998).

The issue is whether petitioner is a "subject worker" or a "nonsubject worker" under ORS 656.027, which provides, in part:

"All workers are subject to this chapter except those nonsubject workers described in the following subsections:

"* * * * *

"(7)(a)  Sole proprietors, except those described in paragraph (b) of this subsection. When labor or services are performed under contract, the sole proprietor must qualify as an independent contractor.

"(b)  Sole proprietors actively registered under ORS 671.525 or licensed under ORS 701.035. When labor or services are performed under contract for remuneration, notwithstanding ORS 656.005(30), the sole proprietor must qualify as an independent contractor. Any sole proprietor registered under ORS 671.525 or licensed under ORS

701.035 and involved in activities subject thereto is *conclusively presumed* to be an independent contractor."

(Emphasis added.) Thus, to be a nonsubject worker under ORS 656.027(7)(a), a sole proprietor working under contract must qualify as an independent contractor. Under ORS 656.027(7)(b), a sole proprietor is conclusively presumed to be an independent contractor if he or she holds a CCB license under ORS 701.035 and is "involved in activities subject thereto."

It is undisputed that petitioner was a sole proprietor licensed under ORS 701.035, which provides that "[a]n applicant must qualify as an independent contractor under ORS 670.600 to be eligible for a license with the [CCB]." In turn, ORS 670.600 provides a list of standards for determining independent contractor status.[1] Thus, a sole proprietor who has obtained a license pursuant to ORS 701.035 has already been determined to be an independent contractor under ORS 670.600.

A sole proprietor is conclusively presumed to be an independent contractor if he or she is licensed under ORS 701.035 and is "involved in activities subject thereto." In order to determine exactly what "activities subject thereto" are under ORS 701.035, I must embark on a journey of statutory interpretation.

ORS 701.035 provides the qualifications for licensing under the CCB. ORS 701.035(4) provides that a decision by the CCB that a person is an independent contractor "applies only when the person is performing work of the nature described in ORS 701.055 and 701.060."[2] In turn, ORS

---

[1] ORS 670.600 also provides the definition for "independent contractor" found in ORS 656.005(31), the definition section of the Workers' Compensation Act.

[2] The majority notes that the work of the nature mentioned in ORS 701.035(4) is relevant only to a decision of the board that a person is an independent contractor. 196 Or App at 158. In fact, the statute provides that the board's determination that a person is an independent contractor under ORS 670.600 is relevant to a determination of whether a person is an independent contractor only when the person is performing work of the nature described in ORS 701.055 and ORS 701.060. Here, petitioner was performing such work.

ORS 701.035(4) would apply if someone holds a CCB license and also works as a bouncer for a bar and gets injured at the bar. We would then be required to determine if the bouncer was working as an independent contractor. In that situation, the fact that the board had determined that the bouncer was an independent con-

701.055(1) provides that "[a] person may not undertake, offer to undertake or submit a bid to do work as a contractor unless that person has a current, valid license issued by the [CCB]."[3] Under ORS 701.005(2), a "contractor" is defined as

> "a person who, for compensation or with the intent to sell, arranges or undertakes or offers to undertake or submits a bid to construct, alter, repair, add to, subtract from, improve, inspect, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development or improvement attached to real estate or to do any part thereof. 'Contractor' includes general contractors, residential-only contractors and specialty contractors as defined in this section."

Therefore, work subject to licensing under ORS 701.035 is the work of a contractor as discussed in ORS 701.055 and defined by ORS 701.005. Petitioner's work performing "construction carpentry work, primarily framing," was work "as a contractor" under ORS 701.005, ORS 701.055, and ultimately ORS 701.035.

The majority correctly states that work of the nature described in ORS 701.055 is the work of a contractor that requires a CCB license under ORS 701.035. 196 Or App at 159. However, the majority's focus on a different word in the statute causes us to part ways. The majority stresses the need for a license and frames the question as whether petitioner was performing work that required a license. The majority states that, because petitioner was an employee of a contractor, under ORS 701.010(8), the work petitioner performed did not require a license. *Id.*

ORS 701.010 provides, in part:

"The following persons are exempt from licensure under this chapter:

---

tractor for purposes of CCB licensing would not affect whether the bouncer was an independent contractor for the purposes of serving as a bouncer.

[3] It is important to note that our conclusion that petitioner's construction work is work as a contractor under ORS 701.005 does not require all construction workers to hold a contractor's license. Although ORS 701.055 states that "[a] person may not undertake, offer to undertake or submit a bid to do work as a contractor unless that person has a current, valid license issued by the [CCB]," ORS 701.010(8) exempts from the requirement of licensure "[a] person who performs work subject to this chapter as an employee of a contractor."

"* * * * *

"(8) A person who performs work subject to this chapter as an employee of a contractor."

The legislature did not indicate that employees of contractors were removed from the definition of "contractor" in ORS 701.005. Instead, the legislature included employees of contractors among those who are *exempt* from licensure as contractors. The idea of exemption implies that, although they fall by definition within a category, the legislature has decided to treat employees of contractors differently. *See Black's Law Dictionary* 593 (7th ed 1999) ("exempt" defined as "[f]ree or released from a duty or liability to which others are held"). For example, income that is exempt from taxation is no less still income. Here, the fact that the legislature recognized employees of contractors as a group that specifically had to be identified and exempted in order not to be subject to the licensure requirement suggests that the legislature understood that, without that identification and exemption, employees of contractors *would* be subject to the licensure requirement because they fall under the general definition of "contractor."

Although ORS 701.010(8) exempts employees of contractors from having to obtain a license in order to perform contracting activities, it does not change the nature of the activities regulated by ORS 701.035 and ORS 701.055. An employee of a contractor performs the same physical work that a contractor performs. That is to say, the status of the person changes; the nature of the work remains the same.

ORS 656.027 provides that petitioner is a nonsubject worker if he performs activities subject to the licensing statute. However, the statute does not state that petitioner is a subject worker if he is exempt from licensure, which is what the majority would have us hold. *The statute's focus is on the nature of the activity and not the status of the petitioner*. That petitioner is exempt from licensure and therefore does not require a license in this instance does not change the fact that he had a CCB license and that he was engaged in activities that, unless he was exempt under ORS 701.010(8), require a CCB license. The majority strays by removing its focus from the activity performed, namely, working as a contractor, and

instead focusing on the status of petitioner—a licensed contractor, exempt from licensure in the case at hand.

I turn to Judge Edmonds's concurrence. He argues that ORS 701.005(2) "contemplates two discrete events." 196 Or App at 161 (Edmonds, J., concurring). Judge Edmonds argues that the statute not only refers to the work that is performed but that it also requires the person "to arrange, or undertake or offer to undertake, or submit a bid to do the work." *Id.* I disagree with Judge Edmonds's division of ORS 701.005(2) into "two discrete events." *Id.* ORS 701.005(2) defines a contractor as a person who engages in one of several activities, including arranging to do construction work *or* undertaking to do construction work *or* offering to undertake to do construction work *or* submitting a bid to do construction work. Any of those actions is by definition the work of a contractor. In this case, petitioner undertook to do construction work for compensation, which makes him a contractor under ORS 701.005(2).

If a person is a sole proprietor, has a CCB license, and is engaged in the work of a contractor as defined in ORS 701.005, that person is "conclusively presumed" to be an independent contractor and a nonsubject worker. Petitioner is a sole proprietor, has a CCB license, and was engaged in construction work, which is part of the definition of a contractor's work. He is, therefore, conclusively presumed to be a nonsubject worker.

The term "conclusively presumed" is not statutorily defined in the workers' compensation statutes. Under *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), we seek to discern the legislature's intent. In doing so, we give words of common usage their plain, natural, and ordinary meaning by consulting dictionaries. *Id.* at 611. The term used here,"conclusively presumed," is not necessarily a term of common usage and has a special meaning in the law. "Conclusive presumption" is defined as "[a] presumption that cannot be overcome by any additional evidence or argument * * *. —Also termed *absolute presumption; irrebuttable presumption; mandatory presumption * * *.*" *Black's* at 1204 (italics in original).

Judge Edmonds contends that, under *Little Donkey Enterprises, Inc. v. SAIF*, 118 Or App 54, 58, 845 P2d 1298,

*modified on other grounds on recons,* 121 Or App 643, 856 P2d 323 (1993), "a person may function simultaneously as the sole proprietor of one business (an independent contractor) and as an employee of another business for purposes of the worker's compensation law." 196 Or App at 162 (Edmonds, J., concurring). In *Little Donkey Enterprises, Inc.,* we stated that "[t]here is no indication that, with respect to their relationships with petitioner, the [petitioners] functioned in any of the capacities excluded from coverage under ORS 656.027(7), (8), or (9)." 118 Or App at 58. Here, Judge Edmonds contends that, because petitioner did not need his CCB license for the work he performed at the time of the injury, he was not involved in activities subject to the license. Perhaps Judge Edmonds's analysis is correct under ORS 656.027(7) (1989). However, in 1995, after *Little Donkey Enterprises, Inc.,* was decided, the legislature significantly amended ORS 656.027(7) to its present form. *See* Or Laws 1995, ch 216, § 3. The current statute includes a conclusive presumption that sole proprietors who have CCB licenses and are engaged in the activities for which they are licensed are independent contractors. *See* ORS 656.027(7)(b) ("Any sole proprietor registered under ORS 671.525 or licensed under ORS 701.035 and involved in activities subject thereto is *conclusively presumed* to be an independent contractor." (Emphasis added.)). Thus, the analysis in *Little Donkey Enterprises, Inc.,* is no longer controlling.

Because petitioner is a sole proprietor who has a CCB license and was engaged in the work of a contractor, he is conclusively presumed to be an independent contractor. Accordingly, petitioner is a nonsubject worker under ORS 656.027.

I respectfully dissent.

Schuman, J., joins in this dissent.